**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON; and LISA PEARSON, on her own and on behalf of her minor child, CORBAN PEARSON,

Plaintiffs,

v.

COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION

Defendants.

COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,

Third-Party Plaintiffs,

v.

UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,

Third-Party Defendant

CASE NO. 1:20-CV-05096

Honorable John Robert Blakey

**PLAINTIFFS' RESPONSE TO DEFENDANT ANTOINETTE GREEN'S PARTIAL MOTION TO DISMISS**

NOW COME the Plaintiffs, CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON, and LISA PEARSON, and for their Response to Defendant Antoinette Green's Partial Motion to Dismiss, state as follows:

Plaintiffs concede that the individual Defendants cannot be held liable under the Americans with Disabilities Act or Section 504 of the Rehabilitation Act and seek leave to file a

Second Amended Complaint omitting these counts as to the individual defendants. However, Defendant Green's argument with regard to the Individuals with Disabilities Education Act ("IDEA") is not well founded and the very cases cited by Defendant Green demonstrate that the claims under IDEA should move forward as to the individual defendants.

**7th Circuit Precedent Allows for Claims Against Individual Defendants Under IDEA**

Defendant Green acknowledges that the 7th Circuit, in *Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*[1] (783 F. 3d 634, 644 (7th Cir. 2015), allowed a claim brought pursuant to the IDEA to proceed against individual defendants. The *Stanek* Court noted that they offered no opinion on the issue because the area of law was relatively undeveloped. *Id.*

Defendant Green then encourages this Court to disregard the 7th Circuit precedent and adopt the dicta offered by the District Court in *C.B. v. Bd. of Educ*., (No. 20-cv-00586, 2022 U.S. Dist. LEXIS 153974, at *19 (N.D. Ill. Aug. 26, 2022). Defendant Green first cites to *Moore v. Hamilton Southeastern Sch. Dist*. (Case No. 11-cv-01548-SEB-DML) to support that individuals are not proper defendants under IDEA, but the Court in *Moore* actually dismissed both individual defendants due to lack of evidence to support the claims against them.

More significantly, while Defendant Green does set forth the legal reasoning offered in *C.B. v. Bd. Of Educ.*, she fails to mention that the Court also refused to dismiss the IDEA claims against individual defendants because of the *Stanek* precedent. The Court noted that the *Stanek* decision presented a conundrum because the Seventh Circuit reversed the district court for dismissing the plaintiffs' IDEA claims against individual actors. (*Stanek*, 783 F.3d at 644), but offered no opinion on whether the IDEA authorizes individual liability. *C.B. v. Bd. of Educ. of City of Chicago, Dist. 299*, 624 F. Supp. 3d 898, 909 (N.D. Ill. 2022). The District Court then

[1] The same school district named as a Defendant in the present matter.

noted that it cannot disregard the Seventh Circuit's reversal of the district court in *Stanek* for doing exactly what Defendants were asking it to do. *See Paddock Publications, Inc. v. Chicago Trib. Co.*, 103 F.3d 42, 46 (7th Cir. 1996) (holdings of superior courts bind inferior courts even if not thoroughly reasoned); *Miller v. United States*, 868 F.2d 236, 241 (7th Cir. 1989) (citation omitted) (holding "bedrock principle of *stare decisis*" is that "lower courts are bound by the precedential authority of cases rendered by higher courts"); *Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986) (citation omitted) ("Ordinarily a lower court has no authority to reject a doctrine developed by a higher one."). The Court accordingly declined to dismiss the IDEA claims against the individual defendants.

Nothing has changed since the decision in *C.B. v. Board of Educ.* that would allow this Court to disregard the Stanek precedent and allow the IDEA claims against Defendant Green and the other individual defendants in this matter.

WHEREFORE, the Plaintiffs, CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON, and LISA PEARSON, respectfully request that an order be entered in this matter allowing Plaintiffs to file a Second Amended Complaint omitting the claims against individual defendants arising under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, but denying Defendant Green's motion as to the count arising under IDEA, and for any further relief that this Court deems appropriate and just.

Respectfully submitted,
CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON, and LISA PEARSON, on her own and on behalf of her minor child, CORBAN PEARSON.

By: */s/ Bryan W. White*
One of Plaintiffs' Attorneys

James J. O'Hagan
Kevin M. O'Hagan
Bryan W. White
O'HAGAN MEYER LLC
One E. Wacker Dr., Suie 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com

Sam L. Amirante
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that on June 28, 2023, I electronically filed **PLAINTIFFS' RESPONSE TO DEFENDANT ANTOINETTE GREEN'S PARTIAL MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Bryan W. White*

Bryan W. White
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
bwhite@ohaganmeyer.com