IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON; and LISA PEARSON, on her own and on behalf of her minor child CORBAN PEARSON,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,<br><br>Defendants.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a/ NUMOTION,<br><br>Third-Party Defendant. | Case No. 20-cv-5096<br><br>Honorable John Robert Blakey |

**DEFENDANT ANTOINETTE L. GREEN'S REPLY IN SUPPORT OF HER PARTIAL MOTION TO DISMISS**

Defendant Antoinette L. Green, by and through her attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Reply in support of her Partial Motion to Dismiss (hereinafter "Motion"), and states as follows:

## ARGUMENT

In their response to Defendant Green's partial motion to dismiss, Plaintiffs concede that the individual defendants cannot be held liable under the Americans with Disabilities Act or

Section 504 of the Rehabilitation Act. Defendant Green therefore does not address those counts, and asks this Court to dismiss them.

As to the Individuals with Disabilities Act (hereinafter "IDEA"), Plaintiffs fail to recognize the trend in decisions across the county since *Stanek* that have held the IDEA does not provide for individual liability. Those decisions range from a district court in the Seventh Circuit[1] to district courts in the Second[2], Third[3], Fourth[4], Ninth[5], Tenth[6], and Eleventh[7] Circuits. As Defendant Green further explains in her motion, individuals are not proper defendants for IDEA claims because such claims are more properly directed at employers and entities. And, "the IDEA is devoid of any textual support of individual liability." *C.B. v. Bd. of Educ.*, No. 20-cv-00586, 2022 U.S. Dist. LEXIS 153974, at *19 (N.D. Ill. Aug. 26, 2022).

Finally, Defendant Green is entitled to qualified immunity. Plaintiffs failed to respond in any way to this argument and certainly did not identify any clearly established right or authority

---

[1] *Moore v. Hamilton Southeastern Sch. Dist.*, 2013 U.S. Dist. LEXIS 123507, at *71 (S.D. Ind. Aug. 29, 2013).

[2] *Patrick v. Success Acad. Charter Sch., Inc.*, 354 F. Supp. 3d 185, 206 n.18 (E.D. N.Y. 2018); *Killoran on behalf of Killoran v. Westhampton Beach Sch. Dist.*, 2022 U.S. Dist. LEXIS 52169, at *6 n.8 (E.D. N.Y. Mar. 22, 2022), cert. denied, 2022 U.S. Dist. LEXIS 83481 (E.D. N.Y. May 9, 2022) *A.K. v. Westhampton Beach Sch. Dist.*, 2019 U.S. Dist. LEXIS 167085, at *35 n.12 (E.D. N.Y. Sept. 27, 2019); *Rutherford v. Fla. Union Free Sch. Dist.*, 2019 U.S. Dist. LEXIS 55971, at *129-31 (S.D. N.Y. Mar. 29, 2019).

[3] *Henry v. Lane*, 2017 U.S. Dist. LEXIS 59109, at *20 (W.D. Pa. Apr. 18, 2017).

[4] *Mueller v. Henrico Cnty. Sch. Bd.*, 2019 U.S. Dist. LEXIS 139315, at *9 (E.D. Va. Aug. 16, 2019); *D.W. by & through Williams v. Chesterfield Cnty. Sch.*, 2019 U.S. Dist. LEXIS 139315, at *8 n.8 (E.D. Va. June 5, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 105158, (E.D. Va. June 22, 2018).

[5] *A. A. P. v. Sierra Plumas Joint Unified Sch. Dist.*, 2021 U.S. Dist. LEXIS 41979, at *18-19 (E.D. Cal. Mar. 5, 2021); *Crofts v. Issaquah Sch. Dist.*, 2018 U.S. Dist. LEXIS 52174 (W.D. Wash. Mar. 28, 2018).

[6] *See Hernandez v. Grisham*, 508 F. Supp. 3d 893, 1009-10 (D.N.M. 2020).

[7] *Driessen v. Univ. of Miami Sch. of L. Child. & Youth L. Clinic*, 2019 U.S. Dist. LEXIS 164475, at *2-3 (S.D. Fla. Sept. 24, 2019)

that would have put her on notice. Plaintiff therefore waived any argument. *Jones v. Connors*, 2012 U.S. Dist. LEXIS 135530, at *20 (N.D. Ill. Sept. 20, 2012) (collecting cases on forfeiture, waiver, and abandonment in the Seventh Circuit and Northern District of Illinois). As Defendant Green explained in her motion, she did not violate any clearly established constitutional right on August 14, 2019, and there was no authority that would have notified her that her actions violated any such right.

**CONCLUSION**

For all the foregoing reasons, Defendant Green respectfully requests this Court dismiss Counts IV and V of Plaintiffs' Complaint, and for any other relief this Court deems just and proper. Because further amendments would be futile, the dismissal should be with prejudice.

Dated: July 19, 2023

Respectfully submitted,

ANTOINETTE L. GREEN

/s/ *Vincent M. Rizzo*
Vincent M. Rizzo
Attorney for Antoinette Green

Vincent M. Rizzo
Stephen D. Mehr
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
P: 312-704-3000
vrizzo@hinshawlaw.com
smehr@hinshawlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 19, 2023, I electronically filed the foregoing Defendant Antoinette L. Green's Reply in Support of her Partial Motion to Dismiss with the Clerk of the U.S. District Court using the Court's CM/ECF system, which will accomplish service electronically on all counsel of record.

*/s/ Vincent Rizzo*
Vincent Rizzo