**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON, and LISA PEARSON, on her own and on behalf of her minor child, CORBAN PEARSON, | |
| Plaintiffs, | Case No.: 1:20-CV-05096 |
| v. | |
| COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, and TERRY PRIMDAHL, et al | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO THE BOARD DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF CORBAN PEARSON**

NOW COME the Plaintiffs, CHRISTIN P. PEARSON ("CHRISTIN), on his own and on behalf of his minor child, CORBAN PEARSON ("CORBAN"), and LISA PEARSON ("LISA"), on her own and on behalf of her minor child, CORBAN PEARSON (hereinafter "Plaintiffs"), by and through their attorneys, O'HAGAN MEYER LLC and AMIRANTE LAW OFFICES, P.C., and as their Response to the Board Defendants' Motion to Compel the Deposition of Corban Pearson, state as follows:

1. Plaintiffs have raised no objection to presenting Corban Pearson for his deposition and have no objection to doing so.

2. On January 18, 2024, Plaintiff proposed January 30, February 8, and February 21 for the deposition of Corban Pearson, and the parties have agreed to proceed with the deposition on February 8, 2024.

3. On January 22, 2024, the parties agreed to proceed with the deposition on February

8, 2024.

4. On December 29, 2023, attorney Rick Capra did send an email to Attorney Bryan White, who was out of the country from December 27, 2023 until January 4, 2024, requesting dates for Corban Pearson's deposition. Defense Exhibit 4.

5. The automatic response email from Mr. White stated that he would have very limited access to email until he returned on January 4, 2024. See Automatic Reply dated December 26, 2023, attached hereto as Exhibit A.

6. However, before Mr. White could obtain dates after returning from the Holidays and provide them, Mr. Capra informed all parties to this matter that his office was unavailable for any depositions until the third week of February, 2024. See email dated January 10, 2024, attached hereto as Exhibit B.

7. Because Mr. Capra's office was unavailable to schedule any depositions before the deadline to complete fact discovery in this matter, Plaintiffs' Counsel drafted a motion to extend the discovery deadlines and circulated the motion on January 16, 2024, in an attempt to obtain the agreement of all parties. See email dated January 16, 2024, attached hereto as Exhibit C.

8. After conferring with the attorneys for the NuMotion Defendants, alterations to the proposed discovery schedule were made and the motion was again circulated to all partis in an attempt to obtain agreement from the parties. See email of January 17, 2024, attached hereto as Exhibit D.

9. The Board Defendants did not respond to Plaintiff's attempt to obtain an agreement on the proposed extension.

10. Instead, The Board Defendants filed the present motion. Docket No. 134.

11. Also on January 17, Plaintiff's filed the motion to extend the discovery deadlines to

allow for the completion of the remaining depositions that are necessary in this matter, noting that it did not have the agreement of all of the parties. Docket No. 136.

12. After the motion to extend the discovery deadlines was filed, Plaintiffs learned that the attorney for Defendant Pam Karnick was mistakenly not included on the January 16 or 17, 2024 email, but the Board Defendants' Counsel, including Mr. Capra, were included.

13. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. USCS Fed Rules Civ Proc R 37.

14. "The requirement to meet-and-confer must be taken seriously, as before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Design Basics, Inc. v. Granite Ridge Builders, Inc.*, 2007 U.S. Dist. LEXIS 45798, 2007 WL 1830809, *1 (N.D. Ind. June 21, 2007) (quoting *Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006)). A good faith effort to resolve a discovery dispute "requires that counsel converse, confer, compare views, consult and deliberate." *Id.* (quoting *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000)). Only after making this good faith effort can the movant seek court action under Rule 37. *Felkner v. Am. Soc'y for Prevention of Cruelty to Animals*, 2023 U.S. Dist. LEXIS 165384, *5

15. The Board Defendants' Motion to Compel is deficient on its face as it contains no certification that they have in good faith conferred or attempted to confer with Plaintiff's Counsel regarding scheduling the deposition of Corban Pearson.

16. There can be no such certification because there has been no effort to meet and confer regarding the issues raised in the present motion.

17. In fact, in emails exchanged between the parties regarding the scheduling of medical depositions on January 10, 2024, Mr. Capra did not even raise the issue of the deposition of Corban Pearson. Exhibit B.

18. Plaintiffs attempted, in good faith, to get an agreement from all parties to obtain an extension of discovery deadlines to allow for the completion of the outstanding depositions in this matter and accommodate the trial schedules of the multitude of attorneys involved in this case.

19. Instead of responding to Plaintiffs' request for an agreement to extend the deadlines to ensure that there was sufficient time to complete the necessary depositions in this matter, or proposing dates when they would be available to depose Corban Pearson, the Board Defendants filed the present motion without any attempt to confer, compare views, consult, or deliberate with Plaintiff's Counsel.

20. The Motion to Compel does not comply with requirements of Rule 37 and should be stricken.

21. In addition, as the parties have agreed to proceed with the deposition of Corban Pearson on February 8, 2024, the Motion to Compel is moot.

**WHEREFORE,** Plaintiffs respectfully request that this Court strike The Board Defendants Motion to Compel a, and for whatever further relief this court deems just.

Dated: January 22, 2024

Respectfully submitted,

CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON, and LISA PEARSON, on her own and on behalf of her minor child, CORBAN PEARSON.

By: */s/ Bryan W. White*
One of Plaintiffs' Attorneys

James J. O'Hagan (johagan@ohaganmeyer.com)
Kevin M. O'Hagan (kohagan@ohaganmeyer.com)

Bryan W. White (bwhite@ohaganmeyer.com)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100 | FX: 312.422.6110

Sam L. Amirante (amirantelawoffices@gmail.com)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444 | FX: 847.934.7474

**CERTIFICATE OF SERVICE**

This is to certify that on January 22, 2024, I electronically filed **Plaintiff's Response to the Board Defendant's Motion to Compel the Deposition of Corban Pearson** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Bryan W. White*
James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com