**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION<br><br>Defendants. | ) | CASE NO. 1:20-CV-05096<br><br>Honorable John Robert Blakey |
| COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,<br><br>Third-Party Defendant | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW COME the Plaintiffs, CHRISTIN P. PEARSON ("CHRISTIN), individually and as Guardian of the Estate of CORBAN PEARSON ("CORBAN"), and LISA PEARSON ("LISA"), individually and as co-Guardian of the Estate of CORBAN PEARSON (hereinafter "Plaintiffs"), by and through their attorneys, O'HAGAN MEYER LLC and AMIRANTE LAW OFFICES, P.C.,

and as their Response to Defendants' Motion to Strike portions of Plaintiffs' Second Amended Complaint, Plaintiffs state as follows:

**The Court Granted Plaintiff's Motion to File Their Second Amended Complaint**

1. On October 4, 2024, this Court entered the following order: "MINUTE entry before the Honorable John Robert Blakey: Despite Plaintiffs' delay, the Court grants Plaintiffs' motion [161] for leave to amend the operative complaint to include allegations about Corban Pearson turning 18 and his parents being appointed plenary guardians; Plaintiffs shall file the amended complaint as a separate docket entry by 10/4/24. The Court strikes the 10/9/24 Notice of Motion date. No further amendments are permitted." (Doc. 166)

2. The proposed Second Amended Complaint was attached to Plaintiffs' Motion for Leave to File their Second Amended Complaint, and no Defendant raised an objection to the motion before it was granted.

3. The Order from the Court granted Plaintiffs leave to file the Second Amended Complaint that was attached to their Motion, and the only limitation arising from that order was that the Second Amended Complaint must be filed on the same date that the order was entered.

4. The Order then struck a pending hearing date.

5. Finally, the Order noted that no further amendments were to be allowed.

6. Plaintiffs read this order to indicate that the Second Amended Complaint that accompanied their Motion was to be filed that day, and not to be further edited and then filed.

7. Plaintiffs understood at that time that they would not be permitted to further amend their Second Amended Complaint in the future.

8. Plaintiffs did file their Second Amended Complaint that same day. (Doc. 168.)

9. Plaintiffs' Second Amended Complaint was filed in accordance with this Court's direction, and was filed in a timely manner.

**Plaintiffs' Have Not Sought Leave to Seek Punitive Damages against NuMotion**

10. However, to the extent that Plaintiffs' reading of this Court's October 4, 2024 order was contrary to the Court's intention, NuMotion's Motion to Strike remains without merit.

11. Plaintiffs' Amended Complaint (Doc. 84) and Second Amended Complaint contain identical allegations against NuMotion in Counts IX and X.

12. In Paragraphs 47-48 of Count IX, in both documents, Plaintiffs alleged various acts of negligent and/or willful and wanton misconduct that caused Corban Pearson to be injured.

13. The Second Amended Complaint amended the prayer for relief to more artfully state the relief sought, but did not change the nature of the relief sought.

14. As noted in Mr. Bozych's affidavit. Plaintiffs' Counsel asserted during the October 4, 2024 meet and confer that no effort was being made to seek punitive damages against NuMotion.

15. Plaintiffs' Counsel noted that the Motion for Leave to File the Second Amended Complaint explicitly stated that the Second Amended Complaint did not seek to add any new party or any new claim. (Doc. 161, ¶ 13.)

16. Plaintiffs' Counsel noted that should the change in language to the prayer for relief be used by Plaintiffs to seek punitive damages, NuMotion would be able to use Plaintiffs' Motion to defeat it.

17. NuMotion then waited 36 days to file its Motion to Strike.

18. In addition, as NuMotion correctly points out, there are specific rules of Civil Procedure that must be followed in order to seek punitive damages.

19. These rules do not include making slight alterations to the prayer for relief to more artfully state the damages that are being sought by Plaintiffs, which is precisely what Plaintiffs have done here. Defendants are well aware of this.

20. Were Plaintiffs to wish to seek punitive damages against NuMotion, it would comply with the provisions of Federal Rule of Civil Procedure 15.

21. Finally, even if the amended prayer for relief was intended to create the opportunity to seek punitive damages from NuMotion, the prayer for relief would not be grounds to do so.

22. Although FRCP 8(a)(3) requires "'a demand for judgment for the relief the pleader seeks', the demand is not itself part of the plaintiff's claim." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ").

23. Simply put, NuMotion's Motion to Strike seeks relief from a problem that does not exist.

24. Plaintiffs' have put in writing on multiple times, including in this Response, that the Second Amended Complaint did not change the relief sought from NuMotion.

25. NuMotion's Motion to Strike is baseless and should be denied.

**<u>The District Defendants' Motion is Without Merit</u>**

26. Again, while Plaintiffs believe they had leave to file their Second Amended Complaint as drafted, the District Defendants' Motion to Strike would be without merit regardless.

27. As previously stated, there are no new parties or claims included in the Second Amended Complaint.

28. Specifically, the District Defendants raise two issues with Plaintiffs' Second Amended Complaint: first, that Plaintiffs alleged that Corban Pearson was free of negligence, and;

second, that Defendant Green was convicted of a crime arising from the facts alleged in Plaintiffs' Second Amended Complaint.

29. In an action for damages to person or property resulting from a defendant's negligence, the plaintiff must allege and prove that he was in the exercise of due care and caution for his own safety or, conversely stated, that he was free from contributory negligence. *Beiter v. Erb*, 259 F.2d 911, 913 (7th Cir.).

30. Plaintiffs' allegation that Corban Pearson was free of contributory negligence is not a new fact - it is an essential element of Plaintiffs' allegations of negligence. It is an element that Plaintiffs will be required to prove at trial, whether it is contained in the Second Amended Complaint or not.

31. As to the allegation regarding Ms. Green's conviction, this was specifically noted in Plaintiffs' Motion for Leave to File the Second Amended Complaint (Doc. 161, ¶ 6.)

32. Notably, the District Defendants did not raise any objection to the Motion for Leave to file the Second Amended Complaint prior to this Court granting Plaintiffs leave to file the Second Amended Complaint, and waited 35 days after it was filed to file their Motin to Strike.

33. Even in their present motion, they do not argue that this fact is not true or relevant, and Plaintiffs contend that this is simply a relevant fact that will be proven at trial.

34. Importantly, the District Defendants have offered no legal basis to object to the pleading of this fact other than their interpretation of this Court's order.

35. However, even if the allegations were to be stricken from the Second Amended Complaint, it would still be a true uncontested fact that is relevant to this proceeding.

36. The District Defendants' Motion to strike does not provide any legal basis for the striking of the allegations in paragraphs 45, 46, and 51 of the Second Amended Complaint. Their only argument relates to the timeliness of the allegations.

37. They do not allege that the facts are prejudicial or improper to be contained in the Second Amended Complaint or offer any explanation as to why a required element of a claim can or should be stricken from the Second Amended Complaint.

38. The reality of the situation is that Plaintiffs' Second Amended Complaint is timely, and the allegations contained therein are relevant and proper in accordance with this Court's Order. Therefore, the District's Motion to Strike should be denied.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Motions to Strike filed by both NuMotion and the District Defendants, and grant them any other relief it deems equitable and just.

Dated: November 26, 2024

Respectfully submitted,

CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON, and LISA PEARSON, on her own and on behalf of her minor child, CORBAN PEARSON.

By: */s/ Bryan W. White*
One of Plaintiffs' Attorneys

James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com

nsuchdev@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that on November 26, 2024, I electronically filed Plaintiffs' Response to Defendants' Motion to Strike Portions of Plaintiff's Second Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Bryan W. White
James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com