**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON, | ) | |
| Plaintiffs, | ) | Case No. 1:20-CV-05096 |
| v. | ) | Honorable John Robert Blakey |
| COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION | ) | |
| Defendants. | ) | |

**DISTRICT DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE SECOND AFFIRMATIVE DEFENSE**

Defendants, COMMUNITY UNIT SCHOOL DISTRICT 303 ("District 303") and TERRY PRIMDAHL (together, the "District Defendants") through their respective attorneys and for their response to Plaintiffs' motion to strike their second affirmative defense, state as follows:

## INTRODUCTION

On September 27, 2024, Plaintiffs filed a second amended complaint to add allegations that, among other amendments, Christin Pearson and Lisa Pearson were appointed as Plenary Guardians of the Estate and Person of Corban Pearson because Corban Pearson had reached the age of majority. (Dkt. 161, 168.) In lieu of answering the second amended complaint, the District Defendants moved to strike certain allegations that plaintiffs had amended without leave of Court. (Dkt. 173.) On December 3, 2024, Plaintiffs filed a third amended complaint, removing allegations from their second amended complaint that exceeded the scope of this Court's order granting

Plaintiff leave to amend. (Dkt. 181-82.) On December 27, 2024, the District Defendants filed their responsive pleading to the third amended complaint, asserting, for the first time, Corban Pearson's ("Corban") contributory fault as an affirmative defense. (Dkt. 184.) Plaintiffs now seek to strike that affirmative defense, relying primarily on *Burton v. Ghosh*, 961 F.3d 960 (7th Cir. 2020), a case factually distinguishable from this one.

As *Burton* demonstrates, this Court has discretion to allow the District Defendants to raise an affirmative defense for the first time in response to Plaintiff's third amended complaint. Plaintiffs' motion avoids any explanation of the prejudice that would inure to them due to the addition of a contributory negligence defense against Corban Pearson. From the onset of this case and throughout discovery, the parties extensively examined the nature and extent of Corban's ability to prevent or mitigate his claimed injuries. Raising Corban's contributory negligence as a defense at this time in no way disadvantages or impairs Plaintiffs' ability to respond to the defense.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 allows a party to plead contributory negligence as an affirmative defense in response to a pleading. Fed. R. Civ. P. 8(c)(1). Under Rule 15(a), the district court maintains discretion to allow an answer to be amended to assert an affirmative defense not raised initially. *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 392 (7th Cir. 2000); Fed. R. Civ. P. 15(a). "[A] district court must exercise its sound discretion under Rules 8 and 15 in deciding whether to allow the late addition of a new affirmative defense." *Burton*, 961 F.3d at 962. Moreover, "A district court may, however, exercise its discretion to allow a late affirmative defense if the plaintiff does not suffer prejudice from the delay." *Burton*, 961 F.3d at 965, citing *Global Technology & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015); *Garofalo v. Village of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014); Fed. R. Civ. P. 15(a)(2) (courts should freely grant leave to amend pleadings when justice requires).

## ARGUMENT

In *Burton*, after completing discovery, plaintiff obtained leave to amend his complaint to clarify certain factual allegations. *Id.* at 963. The defendants responded with a Rule 12(b)(6) motion to dismiss, raising for the first time a *res judicata* defense after six years of litigation. *Id.* at 963-64. Ultimately, the court held that because the plaintiff's amended complaint did not add a new cause of action, change the theories of liability or the parties, or assert new claims, the defendant's *res judicata* defense prejudicially "blindsided" the plaintiff. *Id.* at 968-71. The court defined unfair prejudice in this context as the "late assertion of the defense caus[ing] some unfairness independent of the potential merits of the defense." *Burton*, 961 F.3d at 966.

The court in *Burton* pointed to specific prejudice that the plaintiff suffered, which in large part arose from the inclusion of the defense in a Rule 12(b)(6) motion that the plaintiff had a limited time to respond to, and the plaintiff had to respond to both the merits of the defense and the propriety of the timing of it. *Id.* at 971. The facts of this case, however, are inapposite to *Burton.* The District Defendants introduced a defense sounding in Corban's contributory fault to conform the proofs to the pleadings. In discovery, all parties have had ample opportunity to explore Corban's conduct on the bus just prior to his falling. Plaintiffs will experience no surprise or prejudice in attempting to rebut this defense in either summary judgment or trial.

*Burton* holds that an "affirmative defense that is not raised in a defendant's first answer is not necessarily untimely and forfeited." *Id.* at 965. Rather, it is within the sound discretion of a district court to allow a defendant to amend his answer to a complaint if the plaintiff will not be prejudiced by the delay. *Id.* Here, Corban's actions on the bus and their causal role in his fall have been a part of this litigation since its inception. Notably, the District Defendants have asserted a contributory negligence affirmative defense against Plaintiffs Lisa and Christen Pearson since the

filing of their answer to Plaintiffs' original complaint on September 4, 2020. (Dkt. 14.) Moreover, Corban testified in a deposition over a year ago, on February 8 and 22, 2024, during which defense counsel inquired extensively about conduct of Corban that could have prevented or avoided the accident on the bus, including powering off the wheelchair after entering the bus and getting secured by straps. Corban Testimony, Exhibit A at 78:16–79:15; 128:22–128:3. The school bus driver, Antoinette Green, testified in a deposition in June 2023. She likewise testified to her observations of Corban on the bus and explained that his wheelchair moved forward from its original position prior to his fall. Green Testimony, Exhibit B at 86:11–88:6; 90:5–15; 115:24–116:23. The bus aide, Pam Karnick, also testified in June 2023. Karnick also observed Corban move the wheelchair forward from its original position. Karnick Testimony, Exhibit C at 106:5–108:8; 119:17–120:19. Neither Green nor Karnick testified to Corban communicating to them that he left his wheelchair powered on and moved it forward during the bus ride, just prior to his fall.

This case is distinguishable from cases involving unfair prejudice arising out of untimely defenses. In *Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473 (7th Cir. 2019), the defendant first raised an untimely defense at summary judgment based on information always within the defendant's control, finding that the timing deprived the plaintiff of notice and an opportunity to meet the defense through discovery. *Reed*, 915 F.3d at 482. Similarly, in *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997), the court found that the affirmative defense first raised in the reply memorandum in support of a summary judgment motion was unfairly prejudicial because it deprived the plaintiff of adequate notice to respond at the eleventh hour. *Venters*, 123 F.3d at 969. Here, the parties have extensively examined Corban's conduct and maneuvering of the wheelchair just prior to his fall on the bus. Plaintiffs cannot claim surprise or prejudice on a subject matter of which they are on notice and have had ample opportunity to discover. Indeed, Plaintiffs fail to

point to any prejudice they have suffered by the timing of the assertion of the affirmative defense or explain what they would have done differently had the affirmative defense been asserted earlier. Plaintiffs had notice of the allegations underlying the District Defendants' contributory negligence affirmative defense from early in this litigation, and Plaintiffs have had an adequate opportunity to respond to it. *See Jackson*, 213 F.3d at 393.

## CONCLUSION

WHEREFORE, the District Defendants respectfully request this Court deny Plaintiffs' motion to strike their second affirmative defense to Plaintiff's third amended complaint, and grant any other relief that this Court deems fair and just.

Respectfully submitted,

**Community Unit School District 300**
**Board of Education and Terry Primdahl**

By: */s/ Molly E. Thompson*

Charles A. LeMoine
Richard Capra
Molly E. Thompson
Jerome T. Murphy
TRESSLER LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606-6399
Telephone: (312) 627-4000
clemoine@tresslerllp.com
rcapra@tresslerllp.com
mthompson@tresslerllp.com
***Attorneys for Community Unit School District 300 Board of Education and Terry Primdahl***

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I electronically filed the foregoing **District Defendants' Response To Plaintiffs' Motion To Strike Second Affirmative Defense** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system

/s/ *Molly E. Thompson*

4905-2528-6431, v. 1