**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON; and LISA PEARSON on her own and on behalf of her minor child, CORBAN PEARSON, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:20-CV-05096 |
| COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, LLC, a Missouri Limited Liability Company d/b/a NUMOTION | ) | Honorable John Robert Blakey |
| Defendants. | ) | |

**DEFENDANT GREENS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE GREEN'S SEVENTEENTH AND TWENTY-FIRST AFFIRMATIVE DEFENSES**

NOW COMES Defendant Antoinette Green ("Green"), by and through her attorneys, HINSHAW & CULBERTSON, in Response to Plaintiffs' Motions to Strike Green's Seventeenth and Twenty-First Affirmative Defenses, and states as follows:

## INTRODUCTION

Plaintiffs bring negligence, willful and wanton, and family expense statute state law claims along with an Individuals with Disabilities Education Act federal claim against Green. *See* Third Amended Complaint, Dkt. No. 182. Green answered Plaintiffs' complaint and raised twenty-one affirmative defenses, and complied with the liberal notice pleading standard permitted under the Federal Rules of Civil Procedure. *See* Green's Answer and Affirmative Defenses, Dkt. No. 187. Plaintiffs now move to strike Green's Seventeenth and Twenty-First affirmative defenses. *See* Motion to Strike, Dkt. No. 192. For the reasons below, this Court should deny Plaintiffs' Motion to Strike.



88003\324033990.v2

## ARGUMENT

Motions to strike are usually disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "The moving party has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Causay v. Wells Fargo Bank, N.A.*, No. 16-cv-7398, 2016 U.S. Dist. LEXIS 171206, at *6 (N.D. Ill. Dec. 12, 2016) (citing *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (internal quotations omitted)). "District courts enjoy considerable discretion in resolving a motion to strike." *Essex Ins. Co. v. Vill. of Oak Lawn*, 14-cv-04572, 2015 U.S. Dist. LEXIS 55200, 2015 WL 1942937, at *5 (N.D. Ill. Apr. 28, 2015).

"The moving party carries the burden to show entitlement to its requested relief." *Causay*, 2016 U.S. Dist. LEXIS 171206, at *2. Affirmative defenses will be stricken only when they are facially insufficient; therefore it would be inappropriate to strike an affirmative defense where the issues are complex. *Villars v. Kubiatowski* , No. 12 CV 4586, 2014 U.S. Dist. LEXIS 66000, at *4 (N.D. Ill. May 14, 2014) "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Id.*

Rule 8(a)(2) requires only that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply give the adverse party fair notice of what the pleader claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). In *Swierkiewicz*, the Court stressed, "[t]he liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim" *Id.* at 514 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

To the extent this Court believes it necessary, Defendant FCA requests leave to file an amended answer to revise any of its affirmative defenses. *See Cmty. Banc Mortg. Corp. v. N. Salem State Bank*, No. 15-3051, 2015 WL 4498779, at *2 (C.D. Ill. July 23, 2015) ("[I]f an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a).").

## ARGUMENT

I. Green's Seventeenth Affirmative Defense Asserting Assumption of Risk Is Properly Plead and Should Not Be Stricken.

In their Motion to Strike, Plaintiffs claims only that Green does not sufficiently plead an assumption of risk defense. Preliminarily, assumption of the risk is an affirmative defense under Illinois law. *Darnell v. Hoelscher, Inc.,* No. 09-204-JPG, 2009 U.S. Dist. LEXIS 112942, at *4 (S.D. Ill. Dec. 4, 2009) (citing *Byrne v. SCM Corp.,* 545 N.E.2d 105, 136 Ill. Dec. 581 (1989); *Continental Group, Inc., v. Lincoln Land Moving and Storage, Inc.,* 710 F.2d 368, 371 (7th Cir. 1983)). "A primary implied assumption of the risk exists where the conduct of the parties indicates that an individual has implicitly consented to encounter an inherent and known risk, thereby excusing another from a legal duty which would otherwise exist." *Country Mut. Ins. Co. v. Sunbeam Prods.,* 500 F. Supp. 2d 986, 990 (N.D. Ill. 2007) (citing *Evans,* 373 Ill. App. 3d 407, 2007 Ill. App. LEXIS 412 at *23, 311 Ill. Dec. 521 (citing *Russo v. Range, Inc.,* 76 Ill. App. 3d 236, 238, (Ill. App. Ct. 1979)).

Further, and contrary to Plaintiffs' argument, Green properly plead the affirmative defense and it complies with the liberal notice pleading standard of Rule 8(a). The Northern District has held that a pleader may plead conclusions so long as the conclusions give the adverse party minimal notice of the claim. *Frieri v. City of Chicago*, 127 F. Supp. 2d 992, 994-995, (N.D. Ill. 2001) (citing *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995); *Darnell,* 2009 U.S. Dist.

LEXIS at *4 (finding the plaintiff's assumption of risk affirmative defense "satisfies the liberal notice pleading standard."); s*ee also Kiswani v. Phx. Sec. Agency, Inc.* , No. 05 C 4559, 2006 U.S. Dist. LEXIS 6997, at *13 (N.D. Ill. Feb. 22, 2006) (denying motion to strike even though contributory negligence affirmative defense did not identify specific conduct."); *see also United States ex rel. Patzer v. Sikorsky Aircraft Corp*., 382 F. Supp. 3d 860, 865 (E.D. Wis. 2019) ("[T]o serve this notice function, the affirmative defense does not have to identify the precise conduct that is claimed to be contributory negligence: because the plaintiff does not have to file a responsive pleading, she does not need to know the details underlying the defense until discovery is underway . . . . [m]oreover, so long as the plaintiff knows that contributory negligence may be an issue, she can learn the factual and legal basis for the defense by serving a single contention interrogatory on the defendant under Federal Rule of Civil Procedure 33 or by using whatever other discovery tool she finds convenient.").

Moreover, Green has pled numerous facts in its answer and other affirmative defenses as well as in this response, which affirmatively establish her position. *See Codest Eng'g v. Hyatt Int'l Corp.,* 954 F. Supp. 1224, 1231 (N.D. Ill. 1996) (in considering a motion to strike an affirmative defense, the court may properly look to that which is stated in defendant's answer); *State Farm Fire & Cas. Co v. Electrolux Home Prods.* , No. 10 C 7651, 2011 U.S. Dist. LEXIS 3674, at *5 (N.D. Ill. Jan. 14, 2011) (finding a party may "give[] the sufficient details necessary to state its defense under the federal notice pleading standards in its response brief to [the plaintiff's motion [to strike]"); *Darnell,* 2009 U.S. Dist. LEXIS at * 4 ("facts inferable from the complaint could support the defense.").

Here, Green very clearly states her assumption of risk defense in her seventeen affirmative defense: "That before and at the time and place of the occurrence alleged in Plaintiffs' Complaint,

Plaintiffs knew, understood, and appreciated the risks and hazards involved in Corban Pearson's transportation on District 303's bus, meaning that their claims against Green are barred by their assumption of the risks." *See* Green's Answer and Affirmative Defenses, Dkt. No. 187, 29. This properly pleads the defense. Beyond the general risks associated with a motor vehicle, and as fully pled in her twenty-first affirmative defense, Corban Pearson also increased that general risk when he:

a. failed to turn off the power to his wheelchair during transport;
b. failed to advise Green and/or Karnick that his wheelchair was not powered off;
c. knowing moved his wheelchair forward outside the knowledge and view of Green or Karnick when the wheelchair in front of his exited the school bus and before the school bus started to move again;
d. failed to advise Green and/or Karnick that he had knowingly moved his wheelchair forward

*See* Green's Answer and Affirmative Defenses, Dkt. No. 187, 32. In doing so, he implicitly consented to encounter an inherent and known risk. The parties extensively examined the nature and extent of Corban Pearson's conduct too. All parties have had ample opportunity to explore Corban Pearson's conduct on the bus just prior to his falling and Plaintiffs will experience no surprise or prejudice in attempting to rebut this defense in either summary judgment or trial.

As such, Green's assumption of risk defense is adequately pled and Plaintiffs' motion should be denied.

II. <u>Green's Twenty-First Affirmative Defense Asserting Contributory Negligence Is Waived and Should Not Be Stricken.</u>

For judicial economy and to avoid duplicating arguments, Green fully adopts and incorporates in full the Board's argument in response to Plaintiffs' same argument against it. *See* Board's Response to Motion to Strike, Dkt. No. 222. As discussed therein, as *Burton v. Ghosh*, 961 F.3d 960 (7th Cir. 2020) demonstrates, this Court has discretion to allow Green to raise an affirmative defense for the first time in response to Plaintiffs' third amended complaint. Plaintiffs'

motion avoids any explanation of the prejudice that would inure to them due to the addition of a contributory negligence defense against Corban Pearson. From the onset of this case and throughout discovery, the parties extensively examined the nature and extent of Corban's ability to prevent or mitigate his claimed injuries. Raising Corban's contributory negligence as a defense at this time in no way disadvantages or impairs Plaintiffs' ability to respond to the defense.

As such, Green's contributory negligence defense is adequately pled and Plaintiffs' motion should be denied.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant FCA respectfully requests this Honorable Court deny Plaintiff Linda Greenwood's Motion to Strike Certain Affirmative Defenses, and for such further relief as this Court deems just.

Date: October 21, 2021

Respectfully submitted,

DEFENDANT GREEN,

By: *s/ Vincent Michael Rizzo*
One of her Attorneys

Vincent M. Rizzo
HINSHAW & CULBERTSON LLP
151 North Franklin, Suite 2500
Chicago, Illinois 60606
(312) 704-3234
(312) 704-3001 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2025, I electronically filed the foregoing Green's Response To Plaintiffs' Motion To Strike with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system.

*/s/ Vincent M. Rizzo*