**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN P. PEARSON, on his own and on Behalf of his minor child, CORBAN PEARSON; And LISA PEARSON, on her own and on behalf Of her minor child, CORBAN PEARSON, | ) | |
| Plaintiffs | ) | |
| v. | ) | CASE NO. 1:20-CV-05096 |
| COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/s NUMOTION | ) | Honorable John Robert Blakey |
| Defendants. | ) | |
| COMMUNITY UNIT SCHOOL DISTRICT 303 And TERRY PRIMDAHL, | ) | |
| Third Party Plaintiffs | ) | |
| v. | ) | |
| UNITED SEATING AND MOBILITY, LLC., A Missouri limited liability company, d/b/a NUMOTION, | ) | |
| Third Party Defendant | ) | |

**DEFENDANT/THIRD-PARTY DEFENDANT, NUMOTION, INC.'S RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant and Third-Party Defendant Numotion, Inc. (collectively "Defendant" or "Numotion") hereby sets forth the following Response Memorandum in Opposition to Plaintiff's Motion to Strike Affirmative Defenses:

## I. INTRODUCTION:

Plaintiff's Motion to Strike should be denied because the Motion fails to satisfy the high burden imposed upon the movant. The allegations of the affirmative defenses being challenged are certainly not "so unrelated to Plaintiff's claim as to be void of merit and unworthy of any consideration." Indeed, in every instance, Numotion has raised affirmative defenses relating to facts that have been central to both fact and expert discovery including depositions throughout this litigation. Thus, Plaintiff has been on "fair notice" of these defenses throughout the course of this lawsuit and no surprise exists. Additionally, Numotion has plead several affirmative defenses in the alternative, as a party is entitled to do through affirmative defenses. Put simply, the affirmative defenses conform to the facts in the record, some of which did not exist until expert discovery was completed. For the reasons explained in detail below, Plaintiff's motion to strike should be denied.

To the extent this Court believes it necessary, Numotion requests leave to file amended affirmative defenses. See *Comty. Banc. Mortg. v. N. Salem State Bank*, No. 15-3051, 2015 WL 4498779, at *2 (C.D. Ill. July 23, 2015) (If an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a).)

## II. APPLICABLE LAW:

Courts generally disfavor motions to strike of this type because they "potentially serve only to delay" proceedings. *NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 85 F. Supp. 3d 988, 993 (N.D. Ill. 2015) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). The burden for a motion to strike affirmative defenses is high. *Cozzi v. United of Omaha Life Ins. Co.,* 2021 U.S. Dist. Lexis 58101 *4 (N.D. Ill. 2021) The movant "must show that the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly

prejudicial." *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, 370 F. Supp. 3d 873, 880 (N.D. Ill. 2019) (quoting *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997)).

If the targeted material has at least some "possible relation to the controversy" and does not "cause the objecting party prejudice," the Court should deny the motion to strike. *Siegel v. HSBC Holdings, plc*, 283 F. Supp. 3d 722, 730 (N.D. Ill. 2017) (quoting *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)). The first inquiry asks whether the language at issue is relevant. *Id.* And in the second inquiry, prejudice results "when the matter complained of has the effect of confusing the issues, or where it is so lengthy and complex that it places an undue burden on the responding party." [*5] *Id.* (quoting *Sun Life Assurance Co. of Can. v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 903 (N.D. Ill. 2013)).

An affirmative defense should include a "short and plain statement of the claim" showing the pleader merits relief, Fed. R. Civ. P. 8(a)(2), and provide the opposing party "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## III. ARGUMENT:

### A. <u>Third Affirmative Defense</u>:

The Third Affirmative Defense asserts that Plaintiff's claim is barred or limited by the Illinois Product Liability Statute. Plaintiff asserts that the defense must be stricken for the reason that the defense is not expressly identified in Fed. R. Civ. P. Rule 8(c)(1). The affirmative defenses set forth in Rule 8(c)(1) are not an exclusive list. The Rule provides that affirmative defenses may also include any other matter constituting an avoidance or affirmative defense.

The Third Amended Complaint contains two counts against Numotion, one of which is for "negligent design" of Plaintiff's electric wheelchair. Doc. 182 pg. 20-21. However, Plaintiff is well aware that Numotion did not manufacture the wheelchair.

Plaintiff alleges that an entity other than Numotion manufactured the wheelchair. *Id*. Discovery is closed and Plaintiff has failed to disclose an expert to testify concerning required elements of a product liability design case. As such, this affirmative defense points out that Plaintiff is unable to recover on the claim. The Motion to Strike should be denied.

**B. <u>Fourth Affirmative Defense</u>:**

Numotion withdraws the Fourth Affirmative Defense.

**C. <u>Fifth Affirmative Defense</u>:**

The Fifth Affirmative Defense is for intervening and/or superseding conduct. Plaintiff asserts that this defense is proper, but inadequately plead. Doc. 193, pg. 5.

Numotion has long asserted that the accident was caused by the improper securing of the wheelchair by the bus driver and the aide who was also on the bus. Both were responsible for securing the wheelchair. Indeed, Numotion has contribution claims pending against the School District defendants. Thus, Numotion's contribution claim provides longstanding fair notice of Numotion's position. See Doc. 111, pg. 1-12. This is no surprise to Plaintiff. This Affirmative Defense actually aligns with Plaintiff's allegations against the School District defendants. As such, Plaintiff has long been on fair notice of this Affirmative Defense. The motion to strike should be denied.

**D. <u>Sixth Affirmative Defense</u>:**

The Sixt Affirmative Defense asserts waiver and estoppel. Plaintiff argues that Numotion has not properly plead waiver and estoppel. Regarding waiver, Plaintiff asserts that a known right

must be relinquished. Doc. 193, pg. 6. Concerning estoppel, Plaintiff asserts that estoppel arises when a party's conduct leads another to believe a right will not be enforced. *Id*.

As set forth above, Numotion has long asserted through expert testimony and otherwise that "support wheels" are immaterial to the accident giving rise to this lawsuit. Support wheels provide a potential safeguard during operation. (i.e., driving an electric wheelchair.) Support wheels play no role in the safe transport of a wheelchair being used as a car seat. No standard applicable to transport of wheelchairs requires, or even mentions support wheels.

Notwithstanding the foregoing, parties are permitted to plead in the alternative through the use of affirmative defenses. *Miracor Med. Sav. Abbot Labs*, 2024 U.S. Dist. LEXIS 187716 *10. Thus, to the extent that the fact finder considers an argument that support wheels should have been present and the lack thereof proximately caused Corban's injuries, the fact finder should then consider that Mrs. Pearson expressly declined the addition of support wheels on behalf of her son prior to the alleged occurrence. Doc. 188, pg. 7, ¶44.

Plaintiff has been on notice of this issue for the duration of this litigation. Mrs. Pearson was questioned at length in her deposition concerning her signature on a disclosure form next to "**Refusal of Anti-tippers Devices".** Doc. 188, pg. 7, ¶44. Mrs. Pearson declined support wheels on behalf of her son. *Id*. The Customer Information checklist, Ex. 6 to Mrs. Pearson deposition is attached hereto as Exhibit A. As can be seen on the face of Exhibit A, this document has been used in several depositions, including the deposition of Mrs. Pearson. To the degree that the fact finder determines that support wheels are material to this matter, the fact finder should also consider that Mrs. Pearson declined to have support wheels attached to Corban's wheelchair. Based upon the foregoing, Numotion should be allowed to pursue the affirmative defense of waiver and estoppel, even if pleading in the alternative.

Further, the same form signed and initialed by Mrs. Pearson provides that, **"Your signature means that you understand and accept responsibility for refusing anti-tippers on your wheelchair and you release and hold harmless Numotion from any all damages that may result from not using anti-tippers."** See Exhibit A. (emphasis added.) The quoted language above which was signed and initialed by Mrs. Pearson on behalf of her son constitutes waiver and estoppel to raise claims against Numotion. For the same reasons set forth above, Numotion should be allowed to advance arguments of waiver and estoppel, even if arguing in the alternative.

**E. Eight Affirmative Defense:**

Numotion withdraws the Eight Affirmative Defense.

**F. Ninth Affirmative Defense:**

Numotion adopts and re-states it is argument made in response to the motion to strike Affirmative Defense Three. Plaintiff has failed to disclose an expert to satisfy pleading an proof requirements for the negligent design case plead. Notwithstanding Plaintiff's failure to advance required evidence, Numotion has presented an expert relative to the pertinent design aspects of the wheelchair. As such, Plaintiff has been on notice well before the filing of the Third Amended Complaint that Numotion contests Plaintiff's wherewithal to present a case involving any claimed aspect of product liability.

**G. Tenth Affirmative Defense:**

The Tenth Affirmative Defense addresses Corban's prior condition of a broken leg. Plaintiff is well aware that Numotion has disclosed medical experts in this matter. An abundance of testimony in this matter has included that Corban Pearson had an unhealed prior leg fracture prior to and at the time of the accident giving rise to this lawsuit. Doc. 202, pg. 4, ¶21. Plaintiff alleges that the same leg was fractured in the occurrence giving rise to this lawsuit. Most recently,

all of this evidence was extensively argued in the motion for summary judgment of the School District Defendants. Doc. 201, pg. 11. Prior thereto the evidence was extensively argued by Rule 26 experts. Thus, Plaintiff has long been on notice of this evidence and the arguments being advanced by way of this affirmative defense.

Plaintiff now argues that, "Defendant does not identify how any of the alleged pre-existing conditions were related to the incident or how the injuries suffered by Corban were unrelated to the incident." Doc. 193, pg. 9. But these arguments were subject to extensive discovery with treating physicians and experts. Well before Plaintiff's motion to strike was filed, Plaintiff was on notice that the Defendants were advancing that Corban had an unhealed leg fracture. Plaintiff has long been on notice and the Affirmative Defense is appropriate.

**H. Eleventh Affirmative Defense:**

Numotion's Eleventh Affirmative Defense is for contributory fault. Numotion's affirmative defenses is plead in the alternative, which is permitted under the Federal Rules. *Miracor Med. SA,* at *10. Numotion steadfastly maintains its position that support wheels, also referred to as "anti-tippers", play no role in the transport of a wheelchair being used as a car seat during transport on a bus. Numotion's position is set forth above and in greater detail in Numotion's Memorandum of Law in Support of Summary Judgment.

Notwithstanding the foregoing, the School District Defendants maintain that the accident was caused when Corban activated his wheelchair and moved the location of the wheelchair during his bus transit thereby loosening the securement devices and enable the tipping. See Doc. 200-1, pg. 20 ("Unbeknownst to Green and Karnick, Plaintiff engaged the wheelchair and moved it from its original position shortly before his wheelchair tipped forward.")

The School District has set forth numerous witness depositions, namely Defendants Green and Karnick, who testified that Corban moved his wheelchair just prior to the occurrence. See Doc. 222, pg. 4. Although pleading in the alternative, Numotion should be allowed to advance the affirmative defense of contributory fault considering that the fact finder might determine that Corban moved his wheelchair and thereby caused or contributed to cause the accident. The motion to strike should be denied.

**I. <u>Twelfth Affirmative Defense</u>:**

This Affirmative Defense is for release. Numotion adopts the argument asserted in opposition to Plaintiff's contention as to Affirmative Defense Six for waiver and estoppel. For the same reasons argues in response to the motion to strike the Sixth Affirmative Defense, the motion as to the Twelfth Affirmative Defense should be denied.

**J. <u>Thirteenth Affirmative Defense</u>:**

This Affirmative Defense asserts that elements outside of Numotion's control were responsible for the alleged occurrence. By way of a contribution claim and by way of direct defense to Plaintiff's claim, Numotion has asserted the School District Defendants failed to secure Corban's wheelchair. Very specific evidence was submitted by Numotion's expert through her Rule 26 report and deposition.

Numotion's position is summarized in Numotion's Memorandum of Law in Support of Motion for Summary Judgment. Doc. 190. Numotion's position is largely aligned with Plaintiff's allegations and, is not, therefore a surprise to Plaintiff.

In the alternative, to the extent that the finder of fact determines that the cause was Corban's volitional movement of the wheelchair, this too was outside of Numotion's control. The motion to strike should be denied.

## IV. CONCLUSION:

As set forth above, Plaintiff has had fair notice of the issues addressed by Numotion's Affirmative Defenses. The factual record was developed through the end of discovery and the Affirmative Defense conform to the factual record. Wherefore, for the reasons set forth above, Plaintiff's motion should be denied. To the extent the Court finds that any Affirmative Defense is inadequately plead, Numotion seeks leave to amend to cure any defects.

Respectfully Submitted,

NIELSEN, ZEHE & ANTAS, P.C.

By: */s/Paul Bozych*________________________

Dominick W. Savaiano (ARDC No. 6181611)
Paul Bozych (ARDC No. 6199780)
Kyle H. Fleck (ARDC No. 6332222)
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900
dsavaiano@nzalaw.com
pbozych@nzalaw.com
kfleck@nzalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March 2025, I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered participants.

*/s/Paul Bozych*______________________