**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,<br><br>Defendants. | ) | Case No. 1:20-CV-05096<br><br>Honorable John Robert Blakey |
| COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,<br><br>Third-Party Defendant | ) | |

**PLAINTIFFS' RESPONSE TO NUMOTION'S MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs, Christin P. Pearson and Lisa Pearson, individually and as the Guardians of Corban Pearson, and for their Response to NuMotion's Motion for Summary Judgment, states as follows:

## Introduction

NuMotion claims that it had no role in the design, development, or manufacture of Corban's wheelchair. This, however, is simply not the case. NuMotion, through its employees, met with Plaintiffs and made recommendations regarding the style of wheelchair to be provided to Corban Pearson, including what optional features should be included. It is uncontested that NuMotion had anti-tip wheels available as an option to the wheelchair provided to Coban, and that NuMotion did not recommend that they be included on the wheelchair. It is disingenuous for NuMotion to now claim that they had no role whatsoever in the design of the wheelchair when they made recommendations to the Pearsons, who had never purchased a wheelchair before, regarding the specifications of the wheelchair.

Moreover, NuMotion simply ignores additional expert testimony in the record. On January 11, 2024, Plaintiffs issued their Supplemental Rule 26 Disclosure. In said disclosure, Plaintiffs put all parties on notice that it reserved the right to use any witness identified by any Defendant, deposed during this lawsuit, or identified in any way during discovery during their case in chief. (See Plaintiffs Additional SOF, ¶ 30). While Plaintiffs believe that this disclosure is sufficient to put all parties on notice that Plaintiff may call any identified witness during its case in chief, Plaintiffs have further amended their disclosures to specifically identify Gerald Goebel and Daniel Toomey, witnesses disclosed by the District Defendants and deposed by NuMotion, as witnesses to be called during Plaintiff's case in chief. These witnesses directly refute the position taken by NuMotion in its motion for summary judgment and provide testimony regarding the standard of care in the wheelchair industry and the effect that anti-tip wheels could have had on the alleged occurrence.

For the reasons set forth herein, NuMotion's Motion for Summary Judgment should be denied.

## Argument

**NuMotion was an Active Participant in the Design of the Wheelchair delivered to Corban Pearson**

NuMotion has not denied that it is a distributor of medical equipment. (See Dkt. 195 SOF, ¶ 9). It is also not in dispute that the Pearsons followed the recommendations of NuMotion personnel in purchasing the subject wheelchair. (See Dkt. 195 SOF, ¶ 10). NuMotion employee David Cingano worked with the Pearsons regarding the specifications of the chair and acknowledged that he had more knowledge than the Pearsons as to what equipment was appropriate for Corban. (See Dkt. 195 SOF, ¶ 32). Mr. Cingano did not recommend anti-tip wheels for Corban's wheelchair. (See Dkt. 195 SOF, ¶ 33).

Contrary to NuMotion's assertion regarding the elements of a negligent design claim, the Illinois Supreme Court has stated that evidence of industry standards is a factor to be considered in the balance and has always been relevant to determining whether a defendant has exercised reasonable care in designing a product, however, conformance to industry standards is relevant, but not dispositive on the issue of negligence. *Jablonski v. Ford Motor Co.,* 955 N.E.2d 1138, 1156 (Ill. 2011) (emphasis added). The Court explained that a product liability action asserting a claim based on negligence, such as negligent design, is based upon fundamental concepts of common law negligence. and a plaintiff must establish the existence of a duty, a breach of that duty, an injury that was proximately caused by that breach, and damages. *Id.* at 1153-1154. The duty owed is to produce a reasonably safe product. *Id.*

In the present case, NuMotion does not contest that it made recommendations regarding the safety equipment to be included on Corban's wheelchair. It was not merely distributing a product in as-is condition. Nor does NuMotion contest that it did not recommend anti-tip wheels. This in and of itself creates a question of fact for the jury: whether the wheelchair was reasonably

safe for Corban without the anti-tip wheels. The jury must also determine whether the failure to recommend anti-tip wheels was a breach of that duty. Regardless, evidence exists in the record sufficient to create a question of fact and thus Plaintiffs have not waived their right to argue to a jury that NuMotion acted negligently when it failed to offer anti-tip wheels to Plaintiffs.

**NuMotion Ignores Relevant Evidence in the Record Regarding Standard of Care and Causation**

It is true that Plaintiffs did not initially file suit against NuMotion and only added NuMotion as a direct defendant after the District Defendants filed suit against NuMotion. However, this fact has no bearing on the issues before this court.

Plaintiffs put all parties to this litigation on notice that they would possibly call any witness identified during discovery to testify during their case in chief. During expert discovery in this matter, the District Defendants disclosed two liability experts: Daniel Toomey and Gerald Goebel. Both of these experts offered opinions that directly point to NuMotion as being liable for the alleged occurrence.

Mr. Goebel drafted a report that included the following opinions:

1. Corban Pearson presented for a seating/mobility evaluation on April 7, 2016. The form HFS 3701H Seating/Mobility Evaluation was completed and signed by David Cingano, ATP for Numotion. There is no evidence that a qualified medical professional, such as a PT, OT or other licensed/certified medical professional ("LCMP"), with expertise in wheelchair evaluations and no financial ties to the supplier, participated in this evaluation. The applicable standard of care set forth by the Illinois Department of Healthcare and Family Services ("IDHFS") requires documentation of a ***face-to-face, hands-on*** evaluation of the patient (in association with a mobility device specialist, *e.g.* ATP) by a licensed physiatrist or physical/occupational therapist. (See Plaintiffs Additional SOF, ¶ 27).

2. The documentation submitted by Numotion to order the Permobil F3 Corpus power wheelchair base fails to show that Numotion ATPs had any discussion with Corban or his family about the need for anti-tippers/support wheels. In fact, the anti-tippers section of form HFS

3701H was left blank. The IDHFS instructions for completing this form require that ***each item on the form must be addressed. T***he notation "N.A." should be used whenever appropriate. In addition, the Permobil F3 Corpus order form, effective from September 2015 through the date of the initial evaluation, lists an anti-tipper option prominently on page 2 and lists anti-tippers as an option when choosing a speed package. Numotion failed to consider anti-tippers for Corban Pearson's wheelchair, which would have been prompted multiple times during the completion of both the form HFS3701H and the Permobil order form. (See Plaintiffs Additional SOF, ¶ 28).

3. On October 6, 2017, a physical therapist (LCMP) and a Numotion ATP performed a collaborative evaluation of Corban Pearson's Permobil F3 Corpus power wheelchair to address modifications resulting from his physical growth. The Numotion ATP failed to note anything in the anti-tippers section of the form HFS 3701H, indicating that support wheels were not considered as modifications. The form HFS3701H and the Permobil F3 Corpus order form should have prompted Numotion ATPs to consider anti-tippers. Inexplicably, the Numotion ATP obtained a signed form from Lisa Pearson dated one day prior to the evaluation, October 5, 2017, indicating refusal of Anti-Tippers and Seat Belt/Pelvic Belt. This refusal occurred ***prior to the evaluation related to modifications*** and is immaterial to any recommendations made by a medical professional in the evaluation that took place the next day. (See Plaintiffs Additional SOF, ¶ 29).

On July 12, 2024, Mr. Goebel provided deposition testimony consistent with his report, which was conducted by NuMotion's attorney. Specifically, Mr. Goebel testified that in the wheelchair industry, the applicable standard of care requires that every available option be discussed with the client and caregiver. (See Plaintiff's Additional SOF, ¶ 23).

There is no dispute in this matter that NuMotion did not discuss or recommend anti-tip wheels to the Pearsons during the process of selecting the safety feature to be included on the wheelchair. Therefore, even if the Court were to find that evidence of the standard of care is required, not merely one factor to be considered, there is plain evidence and testimony in the record regarding the standard of care and the deviation therefrom by NuMotion.

Similarly, the District Defendants disclosed Daniel Toomey to offer opinions regarding causation in this matter. Specifically, Mr. Toomey concluded that "the rearward acceleration of the bus that caused Corban Pearson's wheelchair to tip forward was minor. Had the subject wheelchair been equipped with anti-tip support wheels, they would have likely prevented the subject wheelchair from tipping forward." (See Plaintiffs Additional SOF, ¶ 26). While it is true that Plaintiffs' expert did not reach this conclusion, the question at this stage of the litigation is whether a question of fact exists. When different experts have reviewed the issue and reached differing conclusions, clearly a material question exists.

Mr. Toomey provided deposition testimony on July 15, 2024, which was also conducted by NuMotion's attorney. During his testimony, Mr. Toomey explained the testing that was performed to determine that anti-tip wheels would have prevented the occurrence. (See Additional SOF, ¶ 24). He went on to opine that based on his understanding of physics and the deceleration of the bus, the anti-tip wheels would have prevented the wheelchair from tipping over at the time of the alleged occurrence. (See Additional SOF, ¶ 25).

Here again, NuMotion has simply chosen to ignore evidence in the record and claim that no evidence exists to support a finding that its conduct contributed to Corban's injuries. This is simply not the case. Certainly, Plaintiffs do not assert that NuMotion's conduct was the sole cause of the Corban's injuries, but the evidence in the record does support a finding that its conduct contributed to Corban's injures. Either way, there is certainly a question of fact regarding NuMotion's liability in this matter. As a result, summary judgment is inappropriate, and NuMotion's Motion should be denied.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Motions for Summary Judgment filed by NuMotion and grant them any other relief it deems equitable and just.

Dated: March 4, 2025

Respectfully submitted,

CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON, and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON.

By: */s/ Bryan W. White*
One of Plaintiffs' Attorneys

James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com

Sam L. Amirante
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on March 4, 2025, I electronically filed **Plaintiffs' Response Numotion's Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Bryan W. White*
Bryan W. White (ARDC # 6307312)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
bwhite@ohaganmeyer.com