IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON,<br><br>    Plaintiffs,<br><br> v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and United Seating and Mobility, L.L.C., a Missouri limited liability company, d/b/a NUMOTION<br><br>Defendants.<br>_____<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,<br><br>    Third-Party Plaintiffs,<br><br> v.<br><br>United Seating and Mobility, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,<br><br>    Third-Party Defendant | CASE NO. 1:20-CV-05096<br><br>Honorable John Robert Blakey |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DISTRICT DEFENDANTS' SECOND AFFIRMATIVE DEFENSE**

NOW COME Plaintiffs, Christin P. Pearson, individually and as Guardian of the Estate of

Corban Pearson and Lisa A. Pearson, individually and as co-Guardian of the Estate of Corban

Pearson, and for their Reply in Support of their Motion to Strike Defendants Community Unit

1

School District 303 and Terry Primdahl's Second Affirmative Defense (together the "District Defendants"), states as follows:

## ARGUMENT

For the first time since the beginning of this case and after discovery has long been completed, District Defendants raise the affirmative defense of contributory negligence against Corban Pearson under their Second Affirmative Defense in their Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint. Dkt. No. 184 at pp. 26. This is wholly improper, and the Court should strike the Second Affirmative Defense.

District Defendants' response conspicuously ignore that they failed to seek leave to assert this new affirmative defense – despite the Seventh Circuit holding that if an amended complaint does not contain any new substantive amendments and merely clarifies already existing factual allegations, then a defendant is <u>required</u> to seek leave to raise new affirmative defenses. *Burton v. Ghosh*, 961 F.3d 960, 968 (7th Cir. 2020). (emphasis added). Indeed, District Defendants appear to admit that they failed to seek leave to add a new affirmative defense. Dkt. No. 222 at pp. 3-5. District Defendants also do not address, and once again appear to admit, that they have brought this new affirmative defense even though Plaintiffs have not added any new substantive amendments. *Id*. Without addressing, and apparently admitting, that they did not seek leave to file any new affirmative defenses, District Defendants instead rely on this court to simply allow the addition of a new affirmative defense for the first time since the outset of this case claiming that it would not unfairly prejudice or surprise Plaintiffs. Dkt. No. 222 at pp. 3.

District Defendants argue that *Burton* is distinct from this case, but the facts in *Burton* are more similar to the instant case than District Defendants posture. As District Defendants pointed out, the court in *Burton* held that the defendant's new defense "blindsided" the plaintiff and did

not allow defendant to raise the new defense because the plaintiff did not add a new cause of action, change theories in liability or the parties, or assert new claims. *Burton v. Ghosh*, 961 F.3d 960, 968-71 (7th Cir. 2020). In *Burton*, the new defense pled by the defendant was after six years of litigation and after discovery had been completed. *Id*. at 963-64. In the instant case, District Defendants filed their first Answer and Affirmative Defense to Plaintiffs Complaint in 2020 which did not contain any affirmative defense of contributory negligence against Corban Pearson. Dkt. No. 14. In a joint status report to this court submitted on September 24, 2024, all the parties reported that all discovery in the matter had been completed. Dkt. No. 160 at pp. 2. Approximately six months after discovery was completed and over four years after their initial answer and affirmative defenses, District Defendants, for the first time and without leave of the court, raise the affirmative defense of contributory negligence against Corban Pearson. Dkt. No. 184 at pp. 26. Even so, District Defendants claim that this does not prejudice Plaintiffs.

The court in *Burton* held that if a defense is untimely and the delay prejudices the plaintiff, then the defense is forfeited. *Burton*, 961 F.3d at 966. As established above, the defense was asserted in an untimely fashion. District Defendants had ample opportunity prior to the completion of discovery to assert or otherwise plead the affirmative defense of contributory negligence against Corban Pearson. However, they have waited until almost a year after fact discovery has been completed by the parties and over four years from their initial answer and affirmative defenses to plead contributory negligence against Corban.

Contrary to District Defendants' argument, the Second Affirmative Defense is a surprise, and this delay has unfairly prejudiced the Plaintiffs. As District Defendants noted, Defendant Pam Karnick and Defendant Antionette Green were both deposed in June of 2023. Dkt. No. 222 at pp. 4. District Defendants also acknowledge that Corban Pearson was deposed in February of 2024.

Dkt. No. 222 at pp. 4. Prior to these depositions, Plaintiffs had no knowledge that District Defendants intended to raise the affirmative defense of contributory negligence against Corban. Plaintiffs also were not given any notice that District Defendants would raise this defense prior to the depositions of those present on the bus. By waiting almost two years after the depositions of Defendants Karnick and Green and one year after the deposition of Corban, District Defendants have unfairly prejudiced Plaintiffs.

District Defendants boldly state that Plaintiffs cannot claim surprise or prejudice because Plaintiffs were on notice and had ample opportunity to undertake discovery on this subject matter. Dkt. No. 222 at pp. 4. Having an opportunity to discover an affirmative defense and being properly on notice that the defense will be asserted are not comparable. Plaintiffs were never on notice that the affirmative defense of contributory negligence would be asserted against Corban Pearson himself because District Defendants did not do so until they filed their answer to the Third Amended Complaint. Had Plaintiffs been on notice that this was a defense that the District Defendants intended to pursue prior to or during discovery, Plaintiffs would have been able to act accordingly during discovery to rebut a contributory negligence defense against Corban Pearson. District Defendants attempt to argue that all the parties have extensively examined Corban's conduct, and that defense counsel has inquired into Corban's actions. Dkt. No. 222 at pp. 4.

Even though Defendants state that "the parties have extensively examined Corban's conduct and maneuvering of the wheelchair just prior to his fall on the bus," this is not a sufficient substitute for Plaintiffs being on notice that Defendants intended to rely on such a defense at trial. To the contrary, Plaintiffs have been prejudiced because defense counsel appears to have been preparing a contributory negligence defense against Corban Pearson throughout all of discovery

4

without actually putting Plaintiffs on notice and affording Plaintiffs the same opportunity to explore and rebut this defense.

In addition, it is not the responsibility of Plaintiffs to assert affirmative defenses on behalf of District Defendants. District Defendants appear to argue that because they pled the affirmative defense of contributory negligence against Plaintiffs Lisa and Christin Pearson that Plaintiffs should have assumed that it would be brought against Corban and is sufficient to put Plaintiffs on notice. Dkt. No. 222 at pp. 3-4. It is not surprising that District Defendants' response lacks any applicable case law where a court has held that an affirmative defense against one person is the same as an affirmative defense against an entirely different person and should be treated as such. Christin Pearson and Lisa Pearson are not Corban Pearson. It would be unfair and highly prejudicial to expect Plaintiffs to assume that a contributory negligence affirmative defense against two persons apply to a third. Preparation, depositions, discovery proceedings, and investigations into the contributory negligence of Lisa and Christin Pearson are not the same as preparation and investigations into the contributory negligence of Corban.

## **CONCLUSION**

WHEREFORE, Plaintiffs, Christin P. Pearson and Lisa Pearson, individually and as the Guardians of Corban Pearson, respectfully request that this Court grant its Motion to Strick District Defendants' Second Affirmative Defense, and for any other relief this Court deems just and proper.

Dated: March 31, 2025

Respectfully submitted,

CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON, and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON.

By: */s/ Bryan W. White*
        One of Plaintiffs' Attorneys

James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that on March 31, 2025, I electronically filed **Plaintiffs' Reply in Support of Their Motion to Strike District Defendants' Second Affirmative Defense** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Bryan W. White
James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com