**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and United Seating and Mobility, L.L.C., a Missouri limited liability company, d/b/a NUMOTION<br><br>Defendants. | ) | CASE NO. 1:20-CV-05096<br><br>Honorable John Robert Blakey |
| COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>United Seating and Mobility, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,<br><br>Third-Party Defendant | ) | |

**<u>PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANT GREEN'S SEVENTEENTH AND TWENTY-FIRST AFFIRMATIVE DEFENSES</u>**

NOW COME Plaintiffs, Christin P. Pearson, individually and as Guardian of the Estate of Corban Pearson and Lisa A. Pearson, individually and as co-Guardian of the Estate of Corban

Pearson, and for their Reply in Support of their Motion to Strike Defendant Antionette L. Green's Seventeenth and Twenty-First Affirmative Defenses, states as follows:

## ARGUMENT

### I. Defendant Green's Seventeenth Affirmative Defense Is Not Properly Pled and Should Be Stricken.

Defendant Green's Seventeenth Affirmative Defense insufficiently pleads, for the first time, the affirmative defense of assumption of risk. Dkt. No. 187 at pp. 29. Green's response to Plaintiffs' Motion to Strike fails to address the required pleading standards for affirmative defenses under the Federal Rules of Civil Procedure which requires a "short and plain statement" of all the material elements of the defense asserted. While Green cites to case law stating that that she may plead conclusions so long as the conclusions give the adverse party minimal notice of the claim, she ignores that case law also holds that "an affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." *Reis Robotics USA, Inc. v. Concept Indus.*, 462 F. Supp. 2d 897, 904-905 (N.D. Ill. 2006).

Green's response also fails to address the fact that her Seventeenth Affirmative Defense is nothing more than "bare bones conclusory allegations" which must be stricken. *Heller Financial, Inc. v. Midwhey Powder Co., Ins.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Green argues that there are numerous facts pled in her other affirmative defenses as well as in her response which establish her position. Dkt. No. 224 at pp. 4. However, what Green pleads is insufficient to satisfy notice standards. In support of her argument, Green cites to *Codest Eng'g v. Hyatt Int'l Corp.* and argues that the court may look to what is stated in the defendant's answer. *Codest Eng'g*, 954 F. Supp. 1224, 131 (N.D. Ill. 1996). However, when the court looked at the answer in *Codest*, the plaintiff argued that the defendant failed to explicitly allege one element of estoppel. *Id*. The court was able

to find through the rest of the answer that there was enough pled for the court to infer that specific element. *Id*.

In the instant case, Plaintiffs are not simply arguing that Defendant Green did not explicitly plead one of the elements of her affirmative defense of an assumption of risk. Instead, Plaintiffs are arguing that Defendant Green did not sufficiently plead *any* elements of the affirmative defense of an assumption of risk as required under the Federal Rules of Civil Procedure. Defendant Green simply made a one statement conclusory allegation without any sufficiently pled facts in support of her Seventeenth Affirmative Defense. Indeed, Green has not identified either of the two recognized affirmative defenses of assumption of risk - express or implied - and she has not sufficiently pled any of the material elements of either express or implied assumption of risk.

Even if Green's Answer and Affirmative Defenses were read as a whole, the Seventeenth Affirmative Defense is still insufficient because no other facts are properly pled that relate to the material elements of assumption of risk. Green argues that the facts pled under her twenty-first affirmative defense of contributory negligence are sufficient. Dkt. No. 224 at pp. 5. However, none of the recited facts pled address any elements of either express or implied assumption of risk. All the recited facts pled address only a theory of contributory negligence. Therefore, even taking the pled facts under Green's twenty-first affirmative defense, it is still insufficient under the Federal Rules of Civil Procedure.

In support of her argument that she has pled numerous facts in her answer, other affirmative defenses, and in her Response, and against striking her Seventeenth Affirmative Defense, Green cites to *State Farm Fire and Cas. Co. v. Electrolux Home Prods.*, *Electrolux Home Prods.*, 2011 U.S. Dist. LEXIS 3674 at *5 (N.D. Ill. Jan 14, 2011). However, Green misstates the court's holding. In *Electrolux Home Prods.*, the court *did not* hold that a pleading party may sufficiently

plead in a response. *Id*. (emphasis added). Instead, the court granted the plaintiff's motion to strike the affirmative defense because it found that the defendant's pleading, as the Court was without the defendant's response brief, to be deficient. *Id*. In the instant case, Defendant Green's Seventeenth Affirmative Defense pleading an assumption of risk is still insufficiently pled, and Defendant Green cannot claim that her response satisfies the federal requirements for pleadings. Therefore, Defendant Green's Seventeenth Affirmative Defense should be stricken.

II. <u>Defendant Green Did Not Have Leave To File Her Twenty-First Affirmative Defense Pleading Contributory Negligence Against Corban Pearson and Has Prejudicially Filed It After Discovery Has Closed.</u>

Green's Twenty-First Affirmative Defense pleads, after discovery has closed and for the very first time since the inception of this case, the affirmative defense of contributory negligence against Corban Pearson. Dkt. No. 187 at pp. 32. This is wholly improper, and the Court should strike the Twenty-First Affirmative Defense. Green's response conspicuously ignores that she failed to seek leave to assert this new affirmative defense – despite the Seventh Circuit holding that if an amended complaint does not contain any new substantive amendments and merely clarifies already existing factual allegations, then a defendant is *required* to seek leave to raise new affirmative defenses. *Burton v. Ghosh*, 961 F.3d 960, 968 (7th Cir. 2020) (emphasis added). Indeed, Green appears to admit that she failed to seek leave to add a new affirmative defense. Dkt. No. 224 at pp. 5-6. Green also does not address, and once again appears to admit, that she has brought this new affirmative defense even though Plaintiffs have not added any new substantive amendments. *Id*. Instead, Defendant Green simply asks the court to allow the addition of the new affirmative defense of contributory negligence for the first time since the outset of this case because it would not prejudice Plaintiffs. Dkt. No. 224 at pp. 6.

Green argues that raising her twenty-first affirmative defense for the first time in her Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint "in no way

disadvantages or impairs Plaintiffs' ability to respond to the defense." *Id*. This is blatantly untrue. As demonstrated by *Burton v. Ghosh*, if a defense is untimely and the delay prejudices the plaintiff, then the defense is forfeited. *Burton v. Ghosh*, 961 F.3d 960, 966 (7th Cir. 2020). Here, not only is Green's Twenty-First Affirmative Defense untimely, but the delay also prejudices the Plaintiffs. From the moment this case was first transferred to federal court in 2020 until Green filed her Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint in 2025, over four years have passed. In those years, Green has had every opportunity to raise the affirmative defense of the contributory negligence of Corban. Discovery has since been closed, and depositions have been completed. Green decided to raise, for the first time, a contributory negligence affirmative defense after all the depositions of party witnesses and expert witnesses have concluded and discovery has closed. Therefore, contrary to what Green argues, this is untimely.

Green, in referring to District Defendants' Response, argues that Plaintiffs experience no surprise or prejudice by the addition of this affirmative defense. Dkt. No. 222 at pp. 3. Green incorrectly presumes that Plaintiffs have had every opportunity to explore and rebut a theory of contributory negligence throughout discovery. As noted above, asserting a new affirmative defense over four years after this case was transferred to federal court is untimely. In addition, it both acts as a surprise and prejudices Plaintiffs. Had this affirmative defense been raised prior to discovery or even during discovery, Plaintiffs would have been prepared to address a contributory negligence affirmative defense in interrogatories, depositions, and other discovery proceedings. However, Green waited until discovery was closed to finally raise this affirmative defense.

Green also argues that Corban's actions on the bus have been a part of the litigation since the beginning. Dkt. No. 222 at pp. 3. Green contends that because defense counsel has asked questions that may relate to Corban's conduct, this is sufficient for Plaintiffs to not be prejudiced.

This is a gross misrepresentation of what will or will not prejudice Plaintiffs. To say that defense counsel has inquired about a contributory negligence affirmative defense against Corban is sufficient for the Plaintiffs to not be prejudiced is without merit or legal support. Because Green did not assert an affirmative defense of contributory negligence against Corban prior to discovery or any of the depositions, Plaintiffs were not in on notice to prepare questions to rebut this assertion, ask questions to all relevant lay and expert witnesses to rebut this assertion, or even have an opportunity to investigate anything related to this assertion.

Green argues that because Plaintiffs knew of a contributory negligence affirmative defense against Plaintiffs Christin and Lisa Pearson, then it was sufficient for them to know of a contributory negligence affirmative defense against Corban Pearson. Dkt. No. 222 at pp. 3-4. It is not surprising that Defendant Green's response lacks applicable case law where a court has held that an affirmative defense against one person is the same as an affirmative defense against an entirely different person and should be treated as such. Christin Pearson and Lisa Pearson are not Corban Pearson. It would be unfair and highly prejudicial to expect Plaintiffs to assume that a contributory negligence affirmative defense against two persons apply to a third. Preparation, depositions, discovery proceedings, and investigations into the contributory negligence of Lisa and Christin Pearson are not the same as preparation and investigations into the contributory negligence of Corban.

Therefore, Defendant Green's Twenty-First Affirmative Defense Pleading Contributory Negligence against Corban Pearson should be stricken, because Defendant Green did not have leave to add the new affirmative defense, it is untimely, and it unfairly prejudices the Plaintiffs as it was not raised until discovery has been closed.

## CONCLUSION

WHEREFORE, Plaintiffs, Christin P. Pearson and Lisa Pearson, individually and as the Guardians of Corban Pearson, respectfully request that this Court grant its Motion to Strick Defendant Antionette L. Green's Seventeenth and Twenty-First Affirmative Defense, and for any other relief this Court deems just and proper.

Dated: March 31, 2025

Respectfully submitted,

CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON, and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON.

By: */s/ Bryan W. White*
One of Plaintiffs' Attorneys

James J. O'Hagan
Kevin M. O'Hagan
Bryan W. White
Nitika Suchdev
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100 | FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

Sam L. Amirante
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on March 31, 2025, I electronically filed **Plaintiffs' Reply in Support of Their Motion to Strike Defendant Green's Seventeenth and Twenty-First Affirmative Defenses** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/Bryan W. White*
James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com