**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON,

Plaintiffs,

v.

COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION

Defendants.

COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,

Third-Party Plaintiffs,

v.

UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,

Third-Party Defendant

CASE NO. 1:20-CV-05096

Honorable John Robert Blakey

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE AFFIRMATIVE DEFENSES**

NOW COME Plaintiffs, Christin P. Pearson and Lisa Pearson, individually and as the Guardians of Corban Pearson, and for their Reply in Support of their Motion to Strike United Seating and Mobility, LLC's ("NuMotion") Affirmative Defenses, states as follows:

## INTRODUCTION

Defendant NuMotion's Response to Plaintiffs' Motion to Strike does not address the issues raised in the motion, specifically that the defenses are improperly pled. Several of NuMotion's affirmative defenses contain only one conclusory sentence that does not set forth any material elements or supporting facts as is required when pleading an affirmative defense, despite the fact that discovery is complete in this matter and NuMotion has full knowledge of all applicable facts. The only reason to not plead the relevant facts, as required, is if the facts do not support the defenses. Therefore, Defendant NuMotion's third, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth affirmative defenses should be stricken.

## LEGAL STANDARD

As NuMotion concedes, an affirmative defense should include a "short and plain statement of the claim" showing the pleader merits relief, Fed. R. Civ. P. 8(a)(2), and provide the opposing party "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under *Towmbly*, an affirmative defense must satisfy a two part test: (1) it must contain a short and plain statement of the claim showing that the pleader is entitled to relief and the court must accept all factual allegations in the affirmative defense as true; and (2) it must plausibly suggest that the pleading party has a right to relief, raising that possibility above a speculative level. *AOT Holding AG v. Archer Daniels Midland Co.*, 2020 U.S. Dist. LEXIS 257116 at *4 (C.D. Ill. 2020).

## ARGUMENT

### I. Defendant NuMotion's Third Affirmative Defense Should be Stricken.

NuMotion's Third Affirmative Defense does not survive the *Twombly* test. NuMotion has

failed to plead a short and plain statement of the claim and failed to plausibly suggest Plaintiffs have a right to relief. *AOT Holding AG*, 2020 U.S. Dist. LEXIS 257116 at *4. NuMotion does not plead any facts and does not set forth the basis for NuMotion's relief. NuMotion's response simply ignores the basis for Plaintiffs' motion, that NuMotion failed to plead any facts that put Plaintiffs on notice of the basis for the affirmative defense. While it is true that Plaintiffs' mention that NuMotion's Third Amended Defense is not specifically identified in Rule 8(c)(1), that is certainly not the main thrust of Plaintiffs' argument. NuMotion does not challenge the argument that it failed to plead any facts that support its Third Amended Defense because it has no argument to make. Therefore, Defendant NuMotion's Third Affirmative Defense should be stricken.

## II. <u>Defendant NuMotion's Fourth Affirmative Defense Should be Stricken</u>.

NuMotion has voluntarily withdrawn the Fourth Affirmative Defense.

## III. <u>Defendant NuMotion's Fifth Affirmative Defense Should be Stricken</u>.

NuMotion's Fifth Affirmative Defense does not survive the *Twombly* test. NuMotion has failed to plead a short and plain statement of the claim and failed to plausibly suggest Plaintiffs have a right to relief. *AOT Holding AG*, 2020 U.S. Dist. LEXIS 257116 at *4. NuMotion does not plead any facts and does not set forth the basis for NuMotion's relief. NuMotion argues that Plaintiffs have been put on notice of the facts that support its Fifth Affirmative Defense, but this simply not the standard by which affirmative defenses are judged. "Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense . . .

alleg[ing] the necessary elements of the alleged claims." *Huizar v. Experian Info. Sols., Inc.*, 2023 U.S. Dist. LEXIS 7578, *5-6.

NuMotion fails to plead any of the material elements of the defense asserted. NuMotion does not set forth any supporting facts. NuMotion does not identify an intervening and superseding act, who committed the intervening and superseding act, or the basis for a right to relief. Therefore, Defendant NuMotion's Fifth Affirmative Defense should be stricken.

## IV. Defendant NuMotion's Sixth Affirmative Defense Should be Stricken.

NuMotion's Sixth Affirmative Defense does not survive the *Twombly* test. NuMotion has failed to plead a short and plain statement of the claim and failed to plausibly suggest Plaintiffs have a right to relief. *AOT Holding AG*, 2020 U.S. Dist. LEXIS 257116 at *4. NuMotion does not plead any facts and does not set forth the basis for NuMotion's relief. Again, as to its Sixth Affirmative Defense, NuMotion attempts to point to facts that have been adduced during this litigation, but that is not the issue before the Court. NuMotion's Sixth Affirmative Defense identifies three potential defenses, but does not indicate which it intends to pursue at trial. Its response argues that two of the three defenses potentially apply based on facts in the record, but fails to even address the third theory, laches.

It is important to note that the pleading at issue in this motion was filed on December 30, 2025 (Doc. 185) after all discovery in this matter had been completed. Any facts that support the affirmative defenses pled by NuMotion were known to them. Under the pleading standards set forth in both Plaintiffs' motion and NuMotion's response, the Sixth Affirmative Defense simply does not meet the standard and should be stricken.

## V. Defendant NuMotion's Eighth Affirmative Defense Should be Stricken.

NuMotion's Eighth Affirmative Defense has been voluntarily withdrawn.

**VI. Defendant NuMotion's Ninth Affirmative Defense Should be Stricken.**

Plaintiffs adopt and re-state its arguments made in reply to motion to strike affirmative defense Three.

**VII. Defendant NuMotion's Tenth Affirmative Defense Should be Stricken.**

NuMotion's Tenth Affirmative Defense does not survive the *Twombly* test. NuMotion has failed to plead a short and plain statement of the claim and failed to plausibly suggest Plaintiffs have a right to relief. *AOT Holding AG*, 2020 U.S. Dist. LEXIS 257116 at *4. NuMotion does not plead any facts and does not set forth the basis for NuMotion's relief. NuMotion again attempts to rely on notice rather than pleading facts. NuMotion does not set forth a single fact in support of its affirmative defense to identify what pre-existing condition it intends to argue contributed to Corban's injuries. All discovery is complete and there is no question that NuMotion has sufficient facts to set forth a short and clear statement of the claim as required. NuMotion does not plead any facts and or the basis for NuMotion's right to relief. Therefore, Defendant NuMotion's Tenth Affirmative Defense should be stricken.

**VIII. Defendant NuMotion's Eleventh Affirmative Defense Should be Stricken.**

NuMotion again argues that Plaintiffs have notice of the basis for its affirmative defense of contributory negligence. Notice is simply not the pleading standard. Plaintiffs have the right to prepare for the upcoming trial of this matter with knowledge regarding the facts and theories that are going to be put forth by Defendants. NuMotion has not identified which Plaintiff was contributorily negligent or in what manner. NuMotion does not set forth at all how Plaintiffs were contributorily or comparatively negligent. NuMotions's Eleventh Affirmative Defense is devoid of any explanation or support to its conclusion. Therefore, Defendant NuMotion's Eleventh Affirmative Defense should be stricken.

## IX. Defendant NuMotion's Twelfth Affirmative Defense Should be Stricken.

Plaintiffs adopt the arguments asserted in support of their motion to strike affirmative defense number 6.

## X. Defendant NuMotion's Thirteenth Affirmative Defense Should be Stricken.

Once again, NuMotion relies on information outside of its pleading to support that the pleading is itself proper. NuMotion points to information from its own expert, but fails to plead the facts adduced by the expert that set forth a plain statement of the defense and the basis for the defense. Therefore, NuMotion's Thirteenth Affirmative Defense should be stricken.

## CONCLUSION

WHEREFORE, Plaintiffs, Christin P. Pearson and Lisa Pearson, individually and as the Guardians of Corban Pearson, respectfully request that this Court grant their Motion to Strike Defendant NuMotion's Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses and for any other relief this Court deems just and proper.

Dated: March 31, 2025

Respectfully submitted,

CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON, and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON.

By: */s/ Bryan W. White*
One of Plaintiffs' Attorneys

James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100 | FX: 312.422.6110
johagan@ohaganmeyer.com

kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that on March 31, 2025, I electronically filed **Plaintiffs' Reply in Support of Their Motion to Strike Affirmative Defenses** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/Bryan W. White*

James J. O'Hagan (ARDC # 2094754)
Kevin M. O'Hagan (ARDC # 6211446)
Bryan W. White (ARDC # 6307312)
Nitika Suchdev (ARDC # 6342824)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

Sam L. Amirante (ARDC # 0043249)
AMIRANTE LAW OFFICES, P.C.
770 Lee Street, Suite 201
Des Plaines, Illinois 60016
PH: 847.934.7444
FX: 847.934.7474
amirantelawoffices@gmail.com