**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN P. PEARSON, on his own and on Behalf of his minor child, CORBAN PEARSON; And LISA PEARSON, on her own and on behalf Of her minor child, CORBAN PEARSON,<br><br>Plaintiffs<br><br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/s NUMOTION<br><br>Defendants. | ) | CASE NO. 1:20-CV-05096<br><br>Honorable John Robert Blakey |
| COMMUNITY UNIT SCHOOL DISTRICT 303 And TERRY PRIMDAHL,<br><br>Third Party Plaintiffs<br><br>v.<br><br>UNITED SEATING AND MOBILITY, LLC., A Missouri limited liability company, d/b/a NUMOTION,<br><br>Third Party Defendant | ) | |

**DEFENDANT/THIRD-PARTY DEFENDANT, NUMOTION, INC.'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant and Third-Party Defendant Numotion, Inc. (collectively "Defendant" or "Numotion") hereby sets forth the following Response to Plaintiffs' Statement of Undisputed Materials Facts:

1. **FACT:** Corban Pearson is a qualified individual with disabilities under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Individuals with Disabilities Education Act, and all applicable regulations.

**CITATION:** Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 3; Pam Karnick's Answer and Affirmative Defenses To Plaintiff's Third Amended Complaint, *see* Dkt No. 186 at ¶ 3.

**RESPONSE: Admitted.**

2. **FACT**: Corban was a student at Wredling Middle School on August 14, 2019. **CITATION**: Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 2.

**RESPONSE: Admitted.**

3. **FACT:** Christin P. Pearson is Corban Pearson's adoptive father and was appointed Guardian of the Estate and Person of Corban by the Circuit Court of Kane County, Illinois on February 2, 2024.

**CITATION:** Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 4; Pam Karnick's Answer and Affirmative Defenses To Plaintiff's Third Amended Complaint, *see* Dkt No. 186 at ¶ 4; Antoinette L. Green's Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, *see* Dkt No. 187 at ¶ 4.

**RESPONSE: Admitted.**

4. **FACT**: Lisa Pearson is Corban Pearson's adoptive mother and was appointed Guardian of the Estate and Person of Corban by the Circuit Court of Kane County, Illinois on February 2, 2024.

**CITATION**: Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 5; Pam Karnick's Answer and Affirmative Defenses To Plaintiff's Third Amended Complaint, *see* Dkt No. 186 at ¶ 5; Antoinette L. Green's Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, *see* Dkt No. 187 at ¶ 5.

**RESPONSE: Admitted.**

5. **FACT:** Community Unit School District 303 is a local public entity within the meaning of Title II of the ADA and receives federal financing within the meaning of the Rehabilitation Act.

**CITATION:** Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 6.

**RESPONSE: Admitted.**

6. **FACT**: Antoniette L. Green was an authorized agent and employee of District 303 working as a school bus driver and acting within the scope of her agency and employment on and before August 14, 2019.

**CITATION:** Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 8; Antoinette L. Green's Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, *see* Dkt No. 187 at ¶

**RESPONSE: Admitted.**

7. **FACT**: Pam Karnick was an authorized agent and employee of District 303 working as an aide on a school bus operated by District 303 and acting within the scope of her agency and employment on and before August 14, 2019.

**CITATION:** Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 9; Pam Karnick's Answer and

Affirmative Defenses To Plaintiff's Third Amended Complaint, *see* Dkt No. 186 at ¶ 9; Antoinette L. Green's Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, *see* Dkt No. 187 at ¶ 9.

**RESPONSE: Admitted.**

8. **FACT**: Terry Primdahl was an authorized agent and employee of District 303 working as the Director of Transportation and acting within the scope of her agency and employment on and before August 14, 2019.

**CITATION:** Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶ 10; Pam Karnick's Answer and Affirmative Defenses To Plaintiff's Third Amended Complaint, *see* Dkt No. 186 at ¶ 10; Antoinette L. Green's Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, *see* Dkt No. 187 at ¶ 10.

**RESPONSE: Admitted.**

9. **FACT:** United Seating and Mobility LLC (Numotion) is a distributor of medical equipment that does business in the state of Illinois.

**CITATION:** Defendant/Third-Party Defendant, Numotion, Inc.'s Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, *see* Dkt No. 185 at ¶ 11.

**RESPONSE: Admitted.**

10. **FACT**: The Pearsons followed all recommendations regarding wheelchair features and equipment based on the advice of Numotion personnel in purchasing the subject wheelchair.

**CITATION:** Deposition Transcript of Lisa Pearson (Exhibit A) at 92:7-21, and 101:12

**RESPONSE: Denied. See Doc. #188 and SOF #35, 44, 45, 47, 54, 55, 66-77.**

11. **FACT:** At the time Corban was using his first wheelchair, Lisa did not know about

anti-tip wheels nor did not remember being told about them.

**CITATION**: Deposition Transcript of Lisa Pearson (Exhibit A) at 98:7-11.

**RESPONSE: Denied. See Doc. #188 and SOF #35, 43-47, 54, 66-77.**

12. **FACT:** Before the accident, Christin was not aware that anti-tip wheels were an option for Corban's wheelchair.

**CITATION**: Deposition Transcript of Christin Pearson (Exhibit B) at 19:14-18.

**RESPONSE: Denied. See Doc. #188 and SOF #35, 43-47, 54, 66-77.**

13. **FACT:** Lisa would have gone along with what the professionals recommended if she had been told that anti-tip wheels were available for Corban's first wheelchair.

**CITATION**: Deposition Transcript of Lisa Pearson (Exhibit A) at 101:3-15.

**RESPONSE: Denied. See Doc. #188 and SOF #35, 43-47, 54, 66-77.**

14. Lisa, Christin and Corban Pearson justifiably and reasonably relied on District 303, their agents, and employees to properly transport and care for Corban in a safe, secure, and protected manner when entrusted to their custody and control.

**CITATION:** Community Unit School District 303 and Terry Primdahl's Answer and Affirmative Defenses to Third Amended Complaint At Law, *see* Dkt No. 184 at ¶¶ 17-18.

**RESPONSE: Admitted.**

15. **FACT:** Bus drivers are trained to make ultimate decisions on the bus and it is the driver's responsibility to help the bus aide secure a wheelchair.

**CITATION**: Deposition Transcript of Terry Primdahl (Exhibit C) at 65:23-24 and 66:1-7.

**RESPONSE: Admitted.**

16. **FACT:** On August 14, 2019, it was Antoniette Green's responsibility to check the aide's work of securing wheelchairs before driving.

**CITATION**: Deposition Transcript of Pam Karnick (Exhibit D) at 28:24, 29:1-3, and 93:13-17.

**RESPONSE: Admitted.**

17. **FACT:** As a bus driver for Community Unit School District 303, Antoninette Green understood that her duties were to pick students up to and from their homes and school in a safe manner.

**CITATION**: Deposition Transcript of Antoniette Green (Exhibit E) at 27:5-17.

**RESPONSE: Admitted.**

18. **FACT:** Antoninette Green's understanding of how to secure a wheelchair to the bus is based on her applying her common sense to the mechanisms on the bus, as she was never trained to do it.

**CITATION**: Deposition Transcript of Antoniette Green (Exhibit E) at 152:2-18.

**RESPONSE: Admitted.**

19. **FACT:** A school bus driver and aide are tasked with checking the floor straps to make sure they were locked in properly.

**CITATION**: Deposition Transcript of Terry Primdahl (Exhibit C) at 101:18-22 and 102:1-4.

**RESPONSE: Admitted.**

20. **FACT:** A bus driver assistant is primarily responsible for ensuring a safe ride by supervising students in the bus and will assist the bus driver in boarding, seating, and/or securement of students.

**CITATION**: Deposition Transcript of Pam Karnick (Exhibit D) at 95:3-13.

**RESPONSE: Admitted.**

21. **FACT:** At 17:45 on August 14, 2019, Antoniette Green released the shoulder strap portion of the bus's restraint system back up to the corner without securing it to the floor, and it was Green's understanding that Karnick would secure that strap.

**CITATION**: Deposition Transcript of Antoniette Green (Exhibit E) at 66:18-24, 67:1,17-24, and 68:1-3.

**RESPONSE: Numotion admits only that the shoulder harness was not attached prior to or at the time of occurrence and otherwise denies. See Doc. #188, SOF #21, 25, 26.**

22. **FACT:** At 18:27, the shoulder strap was not secured around Corban or his wheelchair.

**CITATION**: Deposition Transcript of Antoniette Green (Exhibit E) at 68:22 to 69:6.

**RESPONSE: Numotion admits only that the shoulder harness was not attached prior to or at the time of occurrence and other denies. See Doc. #188, SOF #21, 25, 26.**

23. **FACT:** If the bus aide notices that the shoulder harness is not secure, they are supposed to get up and secure it.

**CITATION**: Deposition Transcript of Pam Karnick (Exhibit D) at 50:22 to 51:2.

**RESPONSE: Admitted.**

24. **FACT:** If the shoulder harness is not secured to the wheelchair, the bus should not be moving.

**CITATION**: Deposition Transcript of Pam Karnick (Exhibit D) at 50:10-13.

**RESPONSE: Admitted.**

25. **FACT**: While traveling on the school bus, Corban's chair tipped over and fell forward.

**CITATION:** Deposition Transcript of Pam Karnick (Exhibit D) at 53:1-19

**RESPONSE: Numotion admits only that Corban's wheelchair tipped forward and fell forward. Numotion otherwise objects to the vague and ambiguous meaning of "tipped over".**

26. **FACT:** After Corban's wheelchair tipped over on the bus, and before moving the bus again, Antoninette Green did not go around the chair and inspect the four straps that connected to the floor to make sure they were still in place.

**CITATION**: Deposition Transcript of Antoniette Green (Exhibit E) at 102:17 to 103:15.

**RESPONSE: Numotion admits other than use of term "tipped over," which is vague, ambiguous and unsupported by the record.**

27. **FACT:** Corban's chair tipped forward a second time while traveling on the school bus.

**CITATION:** Deposition Transcript of Pam Karnick (Exhibit D) at 70:8-14.

**RESPONSE: Admitted.**

28. **FACT:** Corban sustained injuries as a result of the August 14, 2019 bus incident.

**CITATION:** Deposition Transcript of Andrea Kramer (Exhibit F) at 55:23 to 56:12.

**RESPONSE: Numotion admits that Corban sustained injuries but disputes the nature, extent and duration of the injuries.**

29. **FACT:** Antoniette Green, as the bus driver, could have checked the floor jack straps to make sure they were all locked in properly.

**CITATION**: Deposition Transcript of Antoinette Green (Exhibit E) at 117:15 to 118:6.

**RESPONSE: Admitted.**

30. **FACT:** As director of transportation at CUSD 303, Terry Primdahl directly supervised all transportation operational personnel, including bus drivers and aides.

**CITATION**: Deposition Transcript of Terry Primdahl (Exhibit C) at 21:12-16.

**RESPONSE: Admitted.**

31. **FACT:** Community Unit School District 303 and Terry Primdahl's own expert, Daniel Toomey, testified that had even one of the rear straps been properly secured and the retractor locked, it would have prevented the chair from tipping over.

**CITATION:** Deposition Transcript of Daniel Toomey (Exhibit G) at 131:9-14.

**RESPONSE: Numotion admits except for the assertion that the wheelchair "tipped over," which is vague and ambiguous. Numotion admits that the wheelchair tipped forward.**

32. **FACT:** David Cingano, a former Numotion employee, admitted that he had more knowledge than Lisa Pearson as to what wheelchair was appropriate for Corban.

**CITATION:** Deposition Transcript of David Cingano (Exhibit H) at 41:22 to 42:4.

**RESPONSE: Numotion objects to foundation. While Mr. Cingano testified to his knowledge, he had no basis to compare to Mrs. Pearson.**

33. **FACT:** David Cingano did not recommend anti-tip wheels for Corban's wheelchair.

**CITATION:** Deposition Transcript of David Cingano (Exhibit H) at 49:17 to 50:19.

**RESPONSE: Denied. David Cingano testified that he agreed with the parents' decision not to include support wheels. Doc. #188, SOF# 54, 74-78.**

34. **FACT:** Numotion was involved in recommending the necessary features for Corban's wheelchair.

**CITATION:** Deposition Transcript of David Cingano (Exhibit H) at 53:4-19.

**RESPONSE: Admitted.**

35. **FACT:** Dave Cingano does not recall Lisa Pearson providing any input into whether anti-tip wheels should have been included on Corban's wheelchair.

**CITATION:** Deposition Transcript of David Cingano (Exhibit H) at 58:18 to 59:12.

**RESPONSE: Denied. David Cingano testified that he agreed with the parents' decision not to include support wheels. Doc. #188, SOF# 54, 74-78.**

36. **FACT:** Prior to the August 14, 2019 occurrence, Corban's bilateral broken femurs that he sustained in August 2018 had fully healed.

**CITATION:** Deposition Transcript of Andrea Kramer (Exhibit F) at 16:7 to 18:21.

**RESPONSE: Objection as to materiality to Numotion's Summary Judgment Motion.**

37. **FACT**: As Defendants removed this case from state court to this Court, it is undisputed that venue and jurisdiction is proper.

**CITATION**: Notice of Removal. *See* Dkt No. 5.

**RESPONSE: Admitted.**

Respectfully Submitted,

NIELSEN, ZEHE & ANTAS, P.C.

By: */s/Paul Bozych*
Dominick W. Savaiano (ARDC No. 6181611)
Paul Bozych (ARDC No. 6199780)
Kyle H. Fleck (ARDC No. 6332222)
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900
dsavaiano@nzalaw.com
pbozych@nzalaw.com
kfleck@nzalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2025, I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered participants.

*/s/Paul Bozych*______________________