**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION <br><br> Defendants. <br><br>_____ <br><br> COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION, <br><br> Third-Party Defendant. | CASE NO. 1:20-CV-05096 <br><br> Honorable John Robert Blakey |

**PLAINTIFFS' MOTION FOR CLARIFICATION AND GUIDANCE**

NOW COME Plaintiffs, Christin P. Pearson and Lisa Pearson, individually and as the Guardians of Corban Pearson, and for their Motion for clarification and guidance, state as follows:

**INTRODUCTION**

Section 9 of the Court's pre-trial procedures provides that "each party shall file its motions in limine within a single pleading not to exceed 30 pages." This case involves two Plaintiffs and

five Defendants: Community Unit School District 303; three District employees (Antoinette L. Green, Pam Karnick, and Terry Primdahl); and NuMotion.

The defendants are represented in four separate configurations:

- District 303 and Terry Primdahl share the same counsel.
- Pam Karnick is represented by a different attorney, but one who practices at the same firm that represents the District.
- Antoinette L. Green has separate counsel.
- NuMotion is represented by its own independent counsel.

Under the Court's September 24, 2025 Order (Doc. 256), motions in limine are due March 16, 2026, and responses are due March 23, 2026. Plaintiffs therefore have only seven days to respond to all motions in limine filed by the various defendants. Because the defendants are not uniformly represented, Plaintiffs seek clarification as to whether the thirty-page limit applies:

1. to each individual litigant,
2. to each group of aligned parties (Plaintiffs, School District Defendants, and NuMotion), or
3. to each side of the case.

Counsel for Plaintiff reached out to the attorneys for record of the defendants and there was not a consensus regarding the interpretation of the page limitation. Clarification now will ensure that all parties prepare their submissions in a manner consistent with the Court's expectations and the purpose of the Court's pretrial procedures.

## NEED FOR CLARIFICATION

Under the Court's September 24, 2025 Order (Doc. 256), the parties must respond to all motions in limine by March 23, 2026, only seven days after the March 16 filing deadline.

The difference between responding to a single consolidated thirty-page motion and responding to between 60 and 150 pages of motions is substantial. The compressed response period magnifies the practical impact of the page-limit interpretation and makes advance clarification essential.

The Court's pretrial procedures are designed to simplify the trial, avoid surprises, and reduce unnecessary motion practice. Clarifying the page-limit rule now will help ensure that the parties' submissions align with these goals and prevent avoidable disputes or duplicative filings.

## CONCLUSION

Plaintiffs respectfully request that the Court clarify whether the thirty-page limit for motions in limine applies (1) to each individual litigant, (2) to each group of aligned parties, or (3) to each side of the case.

Plaintiffs do not request any particular outcome; they seek only uniform guidance to ensure compliance with the Court's rules and to avoid unnecessary or duplicative filings, particularly given the compressed response period set by the Court's scheduling order.

For the reasons stated above, Plaintiffs respectfully request that the Court enter an order clarifying the application of the thirty-page limit for motions in limine under Section 9 of the Court's Proposed Pretrial Order Procedures.

Dated: March 9, 2026

>
> Respectfully submitted,
> CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON, and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON.
>
> By: */s/ Bryan W. White*
> One of Plaintiffs' Attorneys

James J. O'Hagan
Kevin M. O'Hagan
Bryan W. White
Paige M. Canepari
Nitika Suchdev
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
bwhite@ohaganmeyer.com
pcanepari@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

## **CERTIFICATE OF SERVICE**

      This is to certify that on March 9, 2026, I electronically filed **Plaintiffs' Motion for Clarification and Guidance** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      /s/ *Bryan W. White*
      Bryan W. White
      O'Hagan Meyer LLC
      One E. Wacker Dr., Suite 3400
      Chicago, Illinois 60601
      PH: 312.422.6100
      FX: 312.422.6110
      bwhite@ohaganmeyer.com