IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIN P. PEARSON, on his own and on behalf of his minor child, CORBAN PEARSON; and LISA PEARSON, on her own and on behalf of her minor child, CORBAN PEARSON,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, LLC, a Missouri Limited Liability Company d/b/a NUMOTION<br><br>Defendants. | Case No. 1:20-CV-05096<br><br>Honorable John Robert Blakey |

**DEFENDANTS COMMUNITY UNIT SCHOOL DISTRICT 303
AND TERRY PRIMDAHL'S UNOPPOSED MOTION FOR LEAVE TO CONDUCT
*DE BENE ESSE* DEPOSITION OF DR. STEVEN WOLF FOR USE AT TRIAL**

NOW COME Defendants, COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL, and for their Unopposed Motion for Leave to Conduct *De Bene Esse* Deposition of Dr. Steven Wolf for Use at Trial, state as follows:

1. The above lawsuit arises from an alleged incident that took place on August 14, 2019, in which Corban Pearson, 13-year-old (at the time) with Duchenne Muscular Dystrophy, was allegedly injured when he was being transported home on a school bus and his wheelchair tipped forward.

2. On July 24, 2020, this case was filed in Kane County, Illinois and on August 28, 2020, it was removed to this Court.

3. This case is set for jury trial on April 13, 2026.

4. Prior to bringing this Motion, counsel for the Defendants conferred with Plaintiffs'

counsel regarding this Motion. Plaintiffs' counsel has no objection to this Motion.

5. Defendants seek leave of the Court to conduct a *de bene esse* videotaped deposition to preserve witness testimony for use at trial of the following witness: Steven B. Wolf, M.D.

6. A party may use for any purpose the deposition of a witness if the court finds: (a) that the witness is dead; (b) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; (c) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; (d) that the party offering the deposition could not procure the witness's attendance by subpoena; or (e) on motion and notice, that exceptional circumstances make it desirable, in the interest of justice and with due regard to the importance of live testimony in open court, to permit the deposition to be used. Fed. R. C. P. 32(a)(4).

7. A *de bene esse* trial deposition will be necessary for **Steven B. Wolf, M.D.** because he is unable to attend and testify at trial. Dr. Wolf is a neurologist and one of the Defendants' retained expert witnesses. At the time of trial, Dr. Wolf will be outside of the United States and, pursuant to Rule 32(a)(4)(B), unable to testify at trial.

8. The other parties will not be prejudiced by the relief requested in this Motion as the deposition will allow all parties to examine the witness during his deposition.

9. The interests of justice will be served by the granting of this Motion because conducting Dr. Wolf's deposition will allow the testimony of a key expert witness to be available at trial.

WHEREFORE, Defendants respectfully request that this Court enter an Order granting them leave to conduct a de bene esse deposition of Dr. Steven Wolf to preserve the witness testimony for use at trial, and for any other relief that this Court deems fair and just.

Respectfully submitted,

        **Community Unit School District 300**
        **Board of Education and Terry Primdahl**

        By: */s/ Richard Capra*

Charles A. LeMoine
Richard Capra
TRESSLER LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606-6399
Telephone: (312) 627-4000
clemoine@tresslerllp.com
rcapra@tresslerllp.com
***Attorneys for Community Unit School District 300 Board of Education and Terry Primdahl***