IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON; and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON,<br><br>    Plaintiffs,<br><br>  v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303, ANTOINETTE L. GREEN, PAM KARNICK, TERRY PRIMDAHL, and UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION<br><br>    Defendants.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 303 and TERRY PRIMDAHL,<br><br>    Third-Party Plaintiffs,<br><br>  v.<br><br>UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company, d/b/a NUMOTION,<br><br>    Third-Party Defendant. | CASE NO. 1:20-CV-05096<br><br>Honorable John Robert Blakey |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO CONDUCT**
***DE BENE ESSE* DEPOSITIONS FOR USE AT TRIAL**

NOW COME Plaintiffs, Christin P. Pearson and Lisa Pearson, individually and as the Guardians of Corban Pearson, and for their Unopposed Motion for Leave to Conduct *De Bene Esse* Depositions For Use at Trial, state as follows:

1

1. On July 24, 2020, this case was filed in Kane County, Illinois. It was removed to this Court on August 28, 2020.

2. This lawsuit arises from an occurrence on August 14, 2019, in which 13-year-old Corban Pearson, who suffers from Duchenne Muscular Dystrophy, was injured when his wheelchair tipped forward and landed on him while he was being transported home on a school bus following the first day at school.

3. On September 25, 2025, this Cout granted Plaintiffs' Motion for an Expedited Trial, and set the case for jury trial on April 13, 2026. (Doc. 256).

4. In preparation of trial, Plaintiffs served trial subpoenas on several of Plaintiffs' medical care providers. Counsel for Plaintiff has been advised that many of these witnesses are concerned that they will be unable to guarantee their availability at the time of trial, and have requested to provide testimony by *de bene esse* deposition.

5. Prior to bringing this Motion, Plaintiff counsel conferred with counsels for Defendants in this matter regarding this matter. Defense counsel have no objection to this Motion.

6. Plaintiffs now seek leave of Court to conduct *de bene esse* videotaped depositions to preserve witness testimony for use at trial of the following witnesses: Dr. Christopher Oie, Dr. Cynthia Castiglioni, Dr. Bria Coates, Dr. Elizabeth Bello, Dr. Larissa Pavone, Mia DeRoin, CCLS and Dr. Andrea Kramer.

7. A party may use for any purpose the deposition of a witness if the court finds: (a) that the witness is dead; (b) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; (c) that the witness cannot attend or testify because of age, illness, infirmity or imprisonment; (d) that the party offering the deposition could not procure the witness's

attendance by subpoena; or (e) on motion and notice, that exceptional circumstances make it desirable, in the interest of justice and with due regard to the importance of live testimony in open court, to permit the deposition to be used. Fed. R. C. P. 32(a)(4). "For a party to be "unable" to procure a witness's attendance at trial by subpoena implies that the party used reasonable diligence to get him to attend…" *Griman v. Makousky*, 76 F.3d 151, 154 (7th Cir. 1995).

8. Under Federal Rule of Civil Procedure 45(c), a subpoena may command a person to attend a trial only as follows: (a) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (b) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense. Fed. R. Civ. P. 45(c).

9. Trial subpoenas have been served on Dr. Christopher Oie, Dr. Cynthia Castiglioni, Dr. Bria Coates, Dr. Elizabeth Bello, Dr. Larissa Pavone and Mia DeRoin, CCLS.

10. However, *de bene esse* trial depositions will be necessary as these witnesses are unavailable to attend trial. In particular:

    a. **Dr. Christopher Oie, MD** was one of plaintiff's medical care treaters. He relocated to, and currently resides in The Villages, Florida, which is more than 100 miles from the Courthouse, and is not available to testify live at trial because he is physically unable to travel to the state of Illinois. In addition, Dr. Oie is not employed and does not regularly transact business in the state of Illinois and would incur substantial expense to travel to Illinois to provide live testimony.

    b. **Dr. Cynthia Castiglioni, MD**, was one of plaintiff's medical care treaters. She relocated to, and currently resides in Austin, Texas, which is more than 100 miles from the Courthouse. Dr. Castiglioni is currently Division Head of Pediatric Medicine at Dell Children's Medical Center and is not available during the trial to testify live because of the hardship caused by travel to Illinois and due to her professional obligations at Dell Children's Medical Center which include patient care obligations, hospital staffing requirements, disruption to previously scheduled shifts and patient procedures.

    c. **Dr. Bria Coates, MD**, was one of plaintiff's medical care treaters. Dr. Coates is currently Attending Physician, Critical Care at Lurie Children's Hospital of

3

        Chicago and Assistant Professor of Pediatrics at Northwestern University Feinberg School of Medicine and is not available during the trial to testify live due to her professional obligations which include patient care obligations, hospital staffing requirements, disruption to previously scheduled shifts and patient procedures.

    d. **Dr. Elizabeth Bello, MD**, was one of plaintiff's medical care treaters. Dr. Bello is currently Pediatric Intensivist, PICU at Lurie Children's Hospital of Chicago and Central DuPage Hospital and Clinical Assistant Professor of Pediatrics at Northwestern University Feinberg School of Medicine and is not available during the trial to testify live due to her professional obligations which include patient care obligations, hospital staffing requirements, disruption to previously scheduled shifts and patient procedures.

    e. **Dr. Larissa Pavone, MD** is one of plaintiff's medical care treaters. Dr. Pavone is currently the Program Director of the Physical Medicine and Rehabilitation Residency Program and Medical Director at Marianjoy Rehabilitation Hospital and Clinical Assistant Professor of Physical Therapy and Human Movement Sciences at Northwestern University Feinberg School of Medicine and is not available during the trial to testify live due to her professional obligations which include patient care obligations, hospital staffing requirements, disruption to previously scheduled shifts and patient procedures.

    f. **Mia Deroin, CCLS** was a medical care provider who provided assistance to Plaintiffs on the date of the occurrence and is currently a Child Life Specialist at Northwestern Medicine Central DuPage Hospital Inpatient Pediatrics/PICU and is not available during the trial to testify live due to her professional obligations which include patient care obligations, hospital staffing requirements, and disruption to attending to patient and family needs as they navigate and cope with immediate healthcare experiences; and

    g. **Dr. Andrea Kramer** is one of Plaintiff's medical expert, and is currently Director of Pediatric Orthopedic Surgery at Lutheran General Hospital, Chicagoland Children's Health Alliance, Advocate Hospital and Attending Orthopedic Surgeon at Illinois Bone & Joint Institute, Lutheran General Children's Hospital, Lake Forest Hospital, Northwestern University Hospital, Holy Family Hospital, Glenbrook Hospital and Highland Park Hospital and is not available during the trial to testify live due to her professional obligations which include patient care obligations, hospital staffing requirements, disruption to previously scheduled shifts and patient procedures.

11. Defendants will not be prejudiced by the relief requested in this Motion as the depositions will allow Defendants to examine the witnesses during their depositions.

4

12. In addition, the interests of justice will be served by the granting of this Motion, as this will allow testimony from key treater witnesses to be available at trial.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting them leave to conduct de bene esse depositions of Dr. Christopher Oie, Dr. Cynthia Castiglioni, Dr. Bria Coates, Dr. Elizabeth Bello, Dr. Larissa Pavone, Mia DeRoin, CCLS and Dr. Andrea Kramer to preserve the witnesses testimony for use at trial, and for any other relief this Court deems fair and just.

Dated: March 11, 2026

                      Respectfully submitted,
CHRISTIN P. PEARSON, individually and as Guardian of the Estate of CORBAN PEARSON, and LISA A. PEARSON, individually and as co-Guardian of the Estate of CORBAN PEARSON.

By: */s/ Bryan W. White*
     One of Plaintiffs' Attorneys

James J. O'Hagan
Kevin M. O'Hagan
Paige Manley Canepari
Bryan W. White
Nitika Suchdev
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
johagan@ohaganmeyer.com
kohagan@ohaganmeyer.com
pcanepari@ohaganmeyer.com
bwhite@ohaganmeyer.com

## CERTIFICATE OF SERVICE

This is to certify that on March 11, 2026, I electronically filed **Plaintiffs' Unopposed Motion for Leave to Conduct *De Bene Esse* Depositions For Use at Trial** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Bryan W. White*
Bryan W. White
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
bwhite@ohaganmeyer.com