**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTIN P. PEARSON, et al., ) | **Case No.: 1:20-cv-05096** |
| ) | |
| Plaintiffs, ) | **Honorable John Robert Blakey** |
| ) | |
| v. ) | |
| ) | |
| COMMUNITY UNIT SCHOOL DISTRICT 303, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| COMMUNITY UNIT SCHOOL DISTRICT 303 ) | |
| and TERRY PRIMDAHL, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED SEATING AND MOBILITY, LLC, a ) | |
| Missouri Limited Liability Company, d/b/a ) | |
| NUMOTION, ) | |
| ) | |
| Third- Party Defendant. ) | |
| UNITED SEATING AND MOBILITY, LLC, a ) | |
| Missouri Limited Liability Company, d/b/a ) | |
| NUMOTION, ) | |
| ) | |
| Third-Party Defendant / Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMUNITY UNIT SCHOOL DISTRICT 303 ) | |
| TERRY PRIMDAHL, ANTIONETTE L. GREEN, ) | |
| and PAM KARNICK, ) | |
| ) | |
| Defendants / Cross-Defendants. ) | |

## NUMOTION'S MOTION TO CONTINUE TRIAL OR, ALTERNATIVELY, FOR LEAVE TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*

Defendant / Third-Party Defendant / Third-Party Plaintiff United Seating and Mobility,

LLC d/b/a Numotion ("Numotion"), by its attorneys, respectfully moves this Court for entry of

an order continuing the April 13, 2026 trial date or, alternatively, granting Numotion leave to file supplemental motions *in limine* in light of the April 6, 2026 settlement. In support of this motion, Numotion states as follows:

1. This matter is currently scheduled for jury trial on April 13, 2026. (Doc. 292)

2. On April 6, 2026, the Court conducted a settlement conference at which Plaintiffs reached an agreement to resolve their claims against Community Unit School District 303, Antoinette L. Green, and Pam Karnick (collectively, the "Settling Defendants").

3. The Court entered a minute order stating that the case was dismissed without prejudice as to the Settling Defendants only and that, absent reinstatement by June 5, 2026, the dismissal would convert automatically to a dismissal with prejudice. (Doc. 292)

4. The Court further ordered that, as to Numotion, all litigation remains pending between the parties and that trial would proceed as scheduled on April 13, 2026. (Doc. 292)

5. Prior to the April 6, 2026 settlement, this case had proceeded through discovery, dispositive motion practice, expert disclosures, trial preparation, and pretrial submissions on the understanding that multiple defendants would be participating at trial.

6. The settlement between Plaintiffs and the Settling Defendants occurred one week before trial and after the parties had prepared and exchanged motions *in limine*, proposed witness lists, and other pretrial materials premised on a multi-defendant trial posture.

7. As a result, the settlement materially altered the structure of the upcoming trial, including issues relating to allocation of fault and presentation of expert testimony.

8. The allocation of fault among remaining and settling parties remains directly relevant to the issues to be presented to the jury and affects how evidence previously developed in a multi-defendant trial posture must now be presented.

2

9. The settlement further affects the structure of Plaintiffs' case-in-chief, which will now be directed primarily, if not exclusively at Numotion. It also affects the anticipated coordination, sequencing, and presentation of Numotion's witnesses.

10. Because the settlement occurred after the parties finalized their pretrial submissions and shortly before trial, Numotion has had limited opportunity to adjust its trial preparation to address these changes.

11. The compressed preparation window between April 6 and the April 13 trial date does not provide a reasonable opportunity to address the resulting evidentiary and procedural consequences of the settlement in an orderly manner.

12. Federal Rule of Civil Procedure 16(b)(4) permits modification of a trial schedule for good cause.

13. Here, good cause exists to continue the trial date because Numotion has diligently complied with the Court's pretrial schedule, yet the settlement of claims against all other defendants less than one week before trial materially altered the evidentiary structure and presentation of this trial after pretrial submissions had already been completed. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

14. In making this request, Numotion is not seeking to delay or procrastinate, but rather is requesting to permit the case to proceed in a fair and orderly manner. *See City of Joliet v. Mid-City Nat'l Bank of Chi.*, 2012 U.S. Dist. LEXIS 89940, *9.

15. Continuing the trial date would allow the parties and the Court to address the evidentiary and procedural consequences of the settlement in an orderly manner and would avoid unnecessary prejudice to Numotion.

16. Alternatively, if the Court declines to continue the trial date, Numotion respectfully requests leave to file supplemental motions *in limine* in light of the resulting change in its trial posture, including allocation issues, witness presentation, expert testimony, and the evidentiary use of positions previously advanced by the Settling Defendants.

17. Granting leave to supplement motions *in limine* would allow the trial to proceed in an orderly manner while ensuring that Numotion is not unfairly prejudiced by the timing of the settlement.

18. Plaintiffs will suffer no prejudice from a brief continuance or, alternatively, from allowing supplemental motions and limited amendments to Numotion's witness disclosures.

19. By contrast, denying Numotion an opportunity to address the procedural consequences of the April 6 settlement would substantially impair Numotion's ability to present its defenses at trial.

20. Accordingly, good cause exists under Rule 16(b)(4) to continue the trial date or, alternatively, to permit Numotion to file supplemental motions *in limine*.

WHEREFORE, for the foregoing reasons, Defendant / Third-Party Defendant / Third-Party Plaintiff United Seating and Mobility, LLC d/b/a Numotion respectfully requests that this Honorable Court continue the April 13, 2026 trial date until June 1, 2026, or for such other period as the Court deems appropriate, or alternatively grant Numotion leave to file supplemental motions *in limine* and grant such further relief as this Court deems just and proper.

Respectfully submitted,

NIELSEN, ZEHE & ANTAS, P.C.

*/s/ Kyle H. Fleck*_____
One of the Attorneys for United Seating and
Mobility, LLC d/b/a Numotion

4

***Attorneys for United Seating and Mobility,
LLC d/b/a Numotion***
Dominick W. Savaiano
Paul Bozych
Kyle H. Fleck
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
Tele:   (312) 322-9900
Fax:    (312) 322-9977
Email: dsavaiano@nzalaw.com
        pbozych@nzalaw.com
        kfleck@nzalaw.com

5